FAHRENBRUCK, APPELLANT, *v.* STATE BD. OF LANDSCAPE
ARCHITECT EXAMINERS, APPELLEE.

[Cite as Fahrenbruck v. State Bd. of Landscape Architect
Examiners, 13 Ohio Misc. 39.]

(No. A-220735—Decided April 19, 1967.)

Court of Common Pleas of Hamilton County.

*Messrs. Trabert, Gay & Davis* and *Mr. Robert L.
Davis,* for appellant.
*Mr. William B. Saxbe,* attorney general, and *Mr. James
F. Hadley,* for appellee.

MATTHEWS, J. This is an appeal from an order of the
State Board of Landscape Architect Examiners. It is now
before the court on the motion of the appellant for "judg-
ment or finding in favor of plaintiff-appellant."

On March 21, 1966, the State Board of Landscape
Architect Examiners, created under the provisions of Sec-
tion 4703.31, Revised Code, received from the appellant
his application for a certificate of qualification to practice
landscape architecture in the state of Ohio, pursuant to
the exemption provisions contained in Section 4703.40,
Revised Code, which section is commonly referred to as the
"grandfather" clause." After review of this application
the appellee notified the appellant by letter dated May 27,
1966, that his application had been denied. On June 7,
1966, the appellee received a letter from the appellant
stating that he "would like to file an appeal" from the

appellee's decision. Pursuant to this request for an "appeal" the appellee had a personal interview with the appellant on July 27, 1966. This being the *very first* "hearing" this newly created board had (the act creating the board became effective on November 11, 1965), it was unaware that it was required to employ the services of a reporter to make a stenographic record; consequently, no record of this "hearing" was made. Furthermore, this embryonic board did not have the benefit of its legal counsel at this "hearing."

In a letter dated October 21, 1966, the appellee informed the appellant that it reaffirmed its prior denial. Thereafter, the appellant filed in this court his "notice of appeal" from this denial.

Section 119.12, Revised Code, provides in part:

"Within twenty days after receipt of notice of appeal from an order in any case wherein a hearing is required by Sections 119.01 to 119.13, inclusive, Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected * * *."

No record of the hearing having been made, no record was available for filing and no transcript or record of any kind was filed in the Court of Common Pleas by the board.

Section 119.12, Revised Code, has been construed several times and in each of the decisions of the court, the word "shall" has been construed as mandatory and the failure to comply by the administrative agency involved has left the court with no alternative but to reverse the decision of the agency.

*Stephan* v. *State Veterinary Medical Board* (Hamilton county), 113 Ohio App. 538. This involved a suspension of a license to practice veterinary medicine.

In *American Legion* v. *Board of Liquor Control*, 21 O. O. 2d 320, the appellant, a few days before the appeal was set for hearing filed a motion for judgment for failure to comply as did the appellant in this case. Judge Davison said, at page 322,

"this leaves to the court no discretion upon the face of the record in this case, but it is compelled under said statute *to enter a finding in favor of the party adversely affected.*" (Emphasis added.)

In *Matash* v. *Ohio Department of Insurance*, 177 Ohio St. 55, the Supreme Court held in the syllabus:

"Where an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days after receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court *must*, upon motion of the appellant, enter a finding in favor of the appellant and render a *judgment* for the appellant." (Emphasis added.)

In the matter now before the court, no record was filed. It was the neglect of the agency that deprives the appellant of a proper court review of his proceedings.

Accordingly, a judgment will be granted in favor of the appellant reversing the finding of the agency.

An entry may be presented reversing the finding and ordering a certificate to issue.