PUBLIC EMPLOYEES COUNCIL NO. 51, AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, AFL-CIO, *v.* UNIVERSITY OF CINCINNATI. █

(No. A-730872—Decided August 15, 1973.)

Court of Common Pleas of Hamilton County.

*Mr. James C. Paradise,* for appellant.
*Mr. Thomas A. Luebbers,* city solicitor, and *Mr. Paul R. Berninger,* for appellee.

NURRE, J. This matter comes before the court on motion to dismiss filed by the University of Cincinnati, appellee, herein.

The facts are as follows. Due to economic circumstances, Holmes Hospital (operated by the University of Cincinnati), acting upon advice of "efficiency" experts, reduced its full-time work force and added to its complement of part-time employees. Several employees elected to be laid off rather than accept a different schedule.

Public Employees Council No. 51, American Federation of State, County, and Municipal Employees, AFL-CIO, hereinafter referred to as the Union, requested a hearing before the civil service commission on the circumstances surrounding these changes in the work force. A letter was issued by the acting city personnel officer to the Union, through its attorney, indicating that the commission would permit an "informal" discussion of the matter.

On January 17, 1973, the "informal" discussion was held. The commission took the position that the procedure at Holmes Hospital in reorganizing its staff was not in violation of the commission's rules and it indicated that any further resolution must be achieved by collective bargaining. The Union has appealed from that decision of the commission dated January 17, 1973. The Union pursuant to Section 2506.01 of the Ohio Revised Code is appealing the commission's order upholding the actions of the University of Cincinnati in changing full-time classified positions in the dietary department of Holmes Hospital to part-time unclassified positions, in employing part-time unclassified employees in said department to perform the work of classified employees, in depriving permanent classified employees in said department of their classified status by changing their positions to part-time positions, and in demoting, laying off and transferring fulltime, classified employees who refused to accept part-time, unclassified status.

A motion of appellant Union to compel filing of transcript was granted in order to complete this record.

The grounds for dismissal as stated by appellee are twofold: First, the informal hearing of January 17, 1973, was not in the nature of a quasi-judicial hearing as contemplated under R. C. 2506.01 et seq.; Second, the Union is not a party entitled to a quasi-judicial hearing before the civil service commission and is therefore not entitled to an appeal from any decision of that commission under R. C. 2506.01 et seq.

The Ohio Constitution, Section 4(B) of Article IV, provides the Court of Common Pleas with the power to re-

view proceedings of administrative officers and agencies, "as may be provided by law." Appellee, in its brief, cites the cases of *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563; and *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, as Supreme Court of Ohio authorities limiting this power of review by Common Pleas Courts to quasi-judicial proceedings only.

In the *Zangerle* case the Tax Commissioner of Ohio adopted a new rule which was appealed by three county tax officers to the Board of Tax Appeals. Testimony was taken and exhibits introduced and the board upheld the commissioner. Two of these auditors appealed to the Court of Common Pleas. The court ruled on page 571:

"The making of rules for the valuation of property by the Department of Taxation is not a *quasi*-judicial function, and the fact that the Board of Tax Appeals as a branch of the Department of Tax may review any rule adopted and promulgated by the Tax Commissioner, the other branch of the Department of Taxation * * *, does not result in a *quasi*-judicial proceeding."

The court went on to say, at pages 571-72:

"* * * a court may not take part in their [rules] enactment or promulgation. The function of the court is to decide when such rules are reasonable as applied to the facts of a particular justiciable case."

The court indicated that appeals were authorized only in quasi-judicial proceedings, and that rule making by administrative officials is not a quasi-judicial function (at page 566). It is this court's opinion that the case at bar is distinguishable from the *Zangerle* case on that basis. The case at bar does not involve a rule making or quasi-legislative problem.

In the *Fortner* case the Ohio Liquor Control Commission amended one of its regulations. A holder of liquor permits, although never directly subjected to the application of the amended regulation, appealed to the Common Pleas court. Again, this court feels this case distinguishable on the basis of the nature of the quasi-legislative or rule making ability of the administrative body being in question.

14

In *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1, it is indicated that the test for determination whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law and/or regulation, or executing or administering a law or regulation already in existence.

The court likewise feels that the case of *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, is inapplicable. In the case at bar, the mere communication of the commission's acts through its minutes or correspondence indicating the meeting to be "informal," does not in the court's view necessarily make such meetings informal. Quite the contrary, substantial interests and rights of individuals may be abrogated by such "informal" meetings. The commission interpreted its own rules and the civil service laws as bearing upon the matters complained of by the Union and in so doing it performed a quasi-judicial function and issued a final order which is subject to judicial review.

The appellee in setting out its second basis for its motion to dismiss states that the Union is not a party entitled to a quasi-judicial hearing before the civil service commission and is therefore not entitled to appeal this action under R. C. 2506.01 *et seq.* Section 1745.01 of the Ohio Revised Code allows that unincorporated associations may contract, sue, or be sued. In the case of *Miazga* v. *International Union of Operating Engineers* (1964), 2 Ohio App. 2d 153, 196 N. E. 2d 324, a union member sued the union in tort for alleged libelous publication about him in a report. The union argued the cause should be dismissed because a member of an unincorporated association is without legal standing to sue his association. On page 157, in that decision, it is stated:

" 'Any unincorporated association may contract or sue in behalf of those who are members and, in its own behalf, be sued as an entity under the name by which it is commonly known and called.' "

On page 164, it is further stated:

"Some unincorporated associations by reason of the

manner of their organization, the purposes to be accomplished and the relation of their functions to the commercial and industrial life of the community and, in part, at least, recognized and under the supervision of law, must be considered, as is true of corporations, as having by legal fiction an entity recognized by law separate and apart from their members. This must be true of unincorporated labor unions. * * *''

It is the position of the Union in the instant case, that it is the recognized, if not formalized collective bargaining agent of the employees who are directly affected by the action taken by the University of Cincinnati which was the subject matter of the complaint before the commission. The issue involved the entire dietary department of the hospital rather than any individual employee and it is therefore the position of the Union that any grievance is between union and university. Diametrically opposed to this position is the language of R. C. 143.27, which provides an appeal to an *employee* in disciplinary matters, and R. C. 143.012, which provides the State Personnel Board of Review with the authority to:

''(A) Hear appeals * * * of *employees* * * * from final decisions of appointing authorities * * * relative to reduction in pay or position, [and] layoff.'' (Emphasis added.)

Section 1 of Rule XVI of the Civil Service Commission Rules provides:

''Within ten days following the receipt of an order of dismissal * * * [etc.] the *employee* may file an appeal in writing with the Commission.'' (Emphasis added.)

R. C. 143.30 grants the powers of the Board of Review to the commission. In view of such authority it is the opinion of the court that the Union is not a proper party to an appeal to or from the civil service commission and that therefore this motion is well taken and is granted accordingly.

*Motion to dismiss granted.*