LUDWIG ET AL., APPELLANTS, *v.* WILLOUGHBY-EASTLAKE CITY SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES.

(No. 9-215—Decided June 30, 1983.)

*Mr. Robert G. Byrom* and *Mr. John F. Lenehan,* for appellants.

*Mr. Theodore R. Klammer,* for appellee city of Eastlake.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, for appellee State Personnel Board of Review.

*Mr. E. W. Mastrangelo,* for appellee Willoughby-Eastlake City School District Board of Education.

*Mr. B. Lawrence Allen,* for appellee Willoughby Civil Service Commission.

*Mr. Abraham Cantor* and *Mr. Barry M. Byron,* for appellees Willowick Civil Service Commission and Willoughby Hills Civil Service Commission.

COOK, J. On August 26, 1982, fifty employees of the Willoughby-Eastlake School District Board of Education filed appeals to the Court of Common Pleas of Lake County from decisions of the State Personnel Board of Review and the civil service commissions of the city of Willowick, the city of Eastlake, the city of Willoughby Hills and the city of Willoughby dismissing their appeals, for lack of jurisdiction, from layoffs by the Willoughby-Eastlake Board of Education.

On November 3, 1982, the Lake County Court of Common Pleas dismissed the appeals for lack of jurisdiction. The court reasoned that employees who are laid off may, pursuant to R.C. 124.328, effective April 4, 1982, appeal to the State Personnel Board of Review and, since appeals from orders of the board of review are to be made pursuant to R.C. 119.12, any appeal from an order of the board of review must be made to the Court of Common Pleas of Franklin County.

Appellants have appealed the judgment of the trial court and have filed the following two assignments of error:

"1. The Court of Common Pleas erred in dismissing the within appeal of Appellants because the Court had the requisite jurisdiction to review the decisions of the State Personnel Board of Review and the various civil service commissions refusing to accept jurisdiction to hear the appeals from the order of Appellants' appointing authority.

"2. The decision by the Court of Common Pleas dismissing the appeal is contrary to law."

The assigned errors are well-taken as to the civil service commissions of Eastlake, Willoughby, Willoughby Hills and Willowick, but without merit as to the State Personnel Board of Review.

R.C. Chapter 124 contains the civil service laws of Ohio. By definition, " '[c]ivil service' includes all offices and positions of trust or employment in the service of the state and the counties, cities, city health districts, general health

districts, and city school districts thereof." R.C. 124.01(A). The State Personnel Board of Review is delegated the duty to hear appeals of employees in the classified state service from certain final decisions of appointing authorities including layoffs. R.C. 124.03. By definition, " '[s]tate service' includes all such offices and positions in the service of the state, the counties, and general health districts thereof, *except* the cities, city health districts, and *city school districts.*" R.C. 124.01(B). (Emphasis added.)

As to offices and positions in the service of the cities, city health districts, and city school districts, R.C. 124.40(A) provides:

"(A) * * * Such municipal civil service commission shall prescribe, amend, and enforce rules not inconsistent with this chapter for the classification of positions in the civil service of such city and city school district, and all the positions in the city health district; for examinations and resignations therefor; for appointments, promotions, removals, transfers, layoffs, suspensions, reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein. The municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city, city school district, and city health district, as prescribed in this chapter and conferred upon the director of administrative services and the state personnel board of review with respect to the civil service of the state; and all authority granted to the director and the board with respect to the service under their jurisdiction shall, except as otherwise provided by this chapter, be held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction. The procedure applicable to reductions, suspensions, and removals, as provided for in section 124.34 of the Revised Code, shall govern the civil service of cities. * * *"

In *In re Termination of Employment* (1974), 40 Ohio St. 2d 107 [69 O.O.2d 512], the Ohio Supreme Court held that appeals from orders of the State Personnel Board of Review are governed by two separate statutes, R.C. 119.12 and R.C. 124.34.

R.C. 119.12, in part, provides that:

"Any party adversely affected by any order of an agency * * * may appeal to the court of common pleas of Franklin County * * *."

R.C. 124.34 provides, in part:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review * * * to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

As to issues of jurisdiction, the court in *In re Termination of Employment, supra,* in the first paragraph of the syllabus, held:

"A party adversely affected by an order of the State Personnel Board of Review may appeal the order of the board to the Court of Common Pleas of the county in which the affected employee resides, and may, in that court, raise the issue of the board's jurisdiction to issue the order. (R.C. 124.34 construed.)"

In 1982, the General Assembly enacted R.C. 124.328 which provides:

"An employee may appeal a layoff, or a displacement which is the result of a layoff, to the state personnel board of review. The appeal shall be filed or postmarked no later than ten days after receipt of the notice of layoff or after the date the employee is displaced. In cases involving the laying off of classified employees the affected employee may appeal the decision of the state personnel board of review to the common pleas court. The appeal from the state personnel board of review shall be made in accordance with section 119.12 of the Revised Code."

R.C. 124.328 has extended the duty of the State Personnel Board of Review to hear appeals from all employees who have been laid off rather than only the classified employees as provided in R.C. 124.03. Such employees are obviously members of the "state service" since the State Personnel Board of Review only hears appeals from employees in the "state service."

Since R.C. 124.40(A) requires a municipal civil service commission to exercise all powers and perform all duties with respect to the civil service of such city, city health district and city school district as prescribed in R.C. Chapter 124 and conferred upon the Director of Administrative Services and the State Personnel Board of Review with respect to the civil service of the state, we conclude R.C. 124.328 also extended the duty of a municipal civil service commission to hear appeals from all employees within its jurisdiction who have been laid off.

However, under R.C. 124.328, only laid off classified employees may appeal a decision to the court of common pleas in accordance with R.C. 119.12. The statute does not specify what court of common pleas, unlike R.C. 124.34 which permits appeals in certain instances to the court of common pleas of the county in which the employee resides. In the absence of such language in R.C. 124.328, and given the specific language of R.C. 119.12 which permits appeals from orders of the State Personnel Board of Review to the Court of Common Pleas of Franklin County, we conclude that appeals by laid off classified employees in the "state service" from orders of the State Personnel Board of Review are to be made to the Court of Common Pleas of Franklin County and appeals by laid off classified employees of a municipal civil service commission are to be made to the court of common pleas of the county in which the employee resides.

In either case, under the holding of *In re Termination of Employment, supra,* the issue of jurisdiction of the body making the decision may be raised on appeal.

Therefore, we conclude, in the instant cause, that the Court of Common Pleas of Lake County was without jurisdiction to hear the appeals from the order of the State Personnel Board of Review but had jurisdiction to hear the appeals as to the decision of the Eastlake, Willoughby, Willowick and Willoughby Hills civil service commissions.

In reversing and remanding this cause for further proceedings, as to the appeals from the decisions of the four civil service commissions, we are not unmindful of the holding in *State, ex rel. Alford,* v. *Willoughby* (1981), 67 Ohio St. 2d 260 [21 O.O.3d 163], as to which, if any, of the four civil service commissions has jurisdiction of the subject "layoff" appeals. However, that issue is not before this court at this time.

Judgment affirmed in part and reversed in part and cause remanded for further proceedings.

*Judgment accordingly.*

FORD and REILLY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting by assignment in the Eleventh Appellate District.