GARFIELD HEIGHTS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, *v.* GILLIHAN, APPELLANT.

(No. 48004—Decided November 13, 1984.)

*Helen Kryshtalowych,* for appellee.
*Robert G. Byrom* and *John F. Lenehan,* for appellant.

PRYATEL, J. Appellant, David Gillihan, was reclassified by the appellee, Garfield Heights City School District Board of Education, from the position of part-time bus driver to substitute bus driver, with an attendant loss of pay and benefits. The Garfield Heights Civil Service Commission ordered appellant restored to his part-time driver position and payment of lost pay and benefits. On appeal to the common pleas court by the school board, judgment was entered for the school board on the ground that the civil service commission failed to certify and file the record of its proceedings within the statutory period. For reasons explained below, we reverse.

Appellant was employed as a part-time bus driver by the appellee on September 22, 1980. He was assigned to a specific bus route and worked three

and one-half hours per day during the 1980-1981 school year.

On June 23, 1981, the school board advised the appellant that he was being reassigned from part-time bus driver to substitute bus driver for the 1981-1982 school year. The reassignment was part of a reduction necessitated by a decline in school enrollment and lack of funds. As a substitute bus driver he worked regularly for five and one-half hours a day.

As the result of appellant's reassignment, his pay was $5.67 per hour, instead of $5.78; he lost his hospitalization and health care benefits and had to pay $81 every two months for health coverage; his accrued sick leave was frozen and he was no longer entitled (1) to sick leave or (2) to paid holidays. His employer's contribution to his retirement program was reduced.

The appellant appealed to the Garfield Heights Civil Service Commission which held a hearing on March 31, 1982. He contended that he had been improperly reassigned; that although his title had been changed, he was, in fact, working more hours per day on a regular basis at the same work he did in his former classification; and that the school board had not complied with R.C. 124.34 which requires that the reclassification notice also be filed with the commission. Finally, appellant argued that he was covered by the civil service rules and regulations.

On the other hand, the school board contended that the commission did not have jurisdiction to hear the appeal because appellant was not a classified employee. The school's director of personnel testified that the list of classified and unclassified employees does not include part-time bus drivers "but it would go under the classification that is contained for part-time employment."

"Part-time labor" and "part-time clerks" are listed under unclassified employees.

On May 12, 1982, the civil service commission ordered appellant's reinstatement to part-time bus driver, with full back salary and benefits restored and reimbursement for hospital and health care benefits from August 31, 1981 to May 15, 1982. Additionally, the school board was ordered to notify the commission of all personnel changes and reclassifications.

On June 1, 1982, appellee appealed the commission's order to the court of common pleas pursuant to R.C. 124.34 and 119.12.[1] The grounds cited were that the order was not in accordance with law, was not supported by reliable, probative and substantial evidence and that the commission lacked jurisdiction over the appeal.

On August 3, 1982, the appellee filed a motion for judgment on the ground that the civil service commission failed to certify a copy of the record of proceedings within the thirty days after receipt of the notice of appeal as required by R.C. 119.12. (The record was filed on October 4, 1982.)

On October 12, 1982, appellant filed a motion to dismiss on the ground that neither R.C. 124.34 nor 119.12 provided for an appeal of the commission's decision to the common pleas court.

The trial court overruled Gillihan's motion to dismiss and granted the school board's motion for judgment on the ground that the record was not timely filed.

Appellant asks this court to reverse the decision of the trial court and reinstate the decision of the civil service

---

[1] In oral argument, appellant indicated that appeal under R.C. 2506.01 was discussed in the lower court but that it was abandoned as untimely. It is not raised in this appeal.

commission. For reasons outlined below, we reverse.

### ASSIGNMENT OF ERROR NO. I

"I. The trial court erred in overruling appellant Gillihan's motion to dismiss because appellee board had no right of appeal under Sections 124.34 and 119.12, Ohio Revised Code, and the trial court thus lacked subject matter jurisdiction to hear the appeal."

### ASSIGNMENT OF ERROR NO. II

"II. The trial court erred in granting the board's motion for judgment because the civil service commission was not subject to the provisions of § 119.12 with regard to filing a transcript of the record."

R.C. 124.34 states in pertinent part:

"*In cases of removal or reduction in pay for disciplinary reasons,* either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided in section 119.12 of the Revised Code." (Emphasis added.)

The appellant argues that the decision of the civil service commission dealt neither with removal nor reduction in pay for disciplinary reasons; hence, it was not subject to appeal to the common pleas court. If the matter could not be appealed under R.C. 124.34, contends Gillihan, then R.C. 119.12's requirement for filing of a transcript[2] is not applicable either by virtue of R.C. 124.34 or 119.12 itself.

The school board argues that any challenge to a civil service commission's jurisdiction is appealable under R.C. 124.34 and 119.12.

The threshold issue to be resolved here is whether the trial court had jurisdiction to hear the matter on appeal from the civil service commission.

Appellee cites *In re Termination of Employment* (1974), 40 Ohio St. 2d 107 [69 O.O.2d 512], in support of its contention that the Cuyahoga County Court of Common Pleas is the proper forum for determination of whether the civil service commission had jurisdiction to consider Gillihan's reclassification. The Ohio Supreme Court held in *In re Termination of Employment,* at 112, that an appeal from a decision of the State Personnel Board of Review, which challenged the jurisdiction of that board, could be brought in the court of common pleas of the county in which the affected employee resides. However, that case is distinguished from the instant case by the fact that the subject matter of the dismissal there fell within R.C. 124.34, which vests jurisdiction in local common pleas courts to hear appeals in *discipline-related cases.* See *Dattilo* v. *Ohio Dept. of Administrative Services* (June 3, 1982), Cuyahoga App. No. 44190, unreported. The issue in *In re Termination of Employment, supra,* was whether the Court of Appeals for Franklin County was the only court competent to consider a claim questioning the jurisdiction of the state personnel board in an appeal under R.C. 124.34.

Appellee's reliance on *Davis* v. *Bd. of Review* (1980), 64 Ohio St. 2d 102 [18 O.O.3d 345], also is misplaced. As in *In re Termination of Employment, supra,* that action involved a removal for

---

[2] R.C. 119.12 reads in part:

"Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. * * *"

disciplinary reasons and fell within the ambit of R.C. 124.34. The issue in *Davis* was whether a discharged employee had a dual right of appeal to the court of common pleas in the county where he resided and in Franklin County. It did not deal with a challenge to the jurisdiction of a civil service commission.

In *Harris* v. *Lewis* (1982), 69 Ohio St. 2d 577, 581 [23 O.O.3d 485], the Supreme Court said:

"Pursuant to R.C. 124.34, employees can appeal reduction orders by their appointing authorities to the board. However, this language indicates that if the board upholds the reduction, only orders of reduction in pay for disciplinary reasons can be appealed to a court in the county of the employee's residence.

"* * *

"We hold that involuntary reductions in pay must comply with R.C. 124.34. Pursuant to R.C. 124.34, only reductions for disciplinary reasons can be appealed to a court; and an appeal must be brought, if at all, in the county of the employee's residence. Because of this requirement, the Court of Common Pleas of Franklin County had no subject-matter jurisdiction to hear appeals of appellants who resided in Montgomery County."

Appellee acknowledges that appellant's reduction in pay and benefits was not disciplinary; hence, there was no right of appeal to the common pleas court from the determination of the civil service commission under R.C. 124.34.

The question remains whether R.C. 119.12's mandate for filing of a record of proceedings applies here. As appellee correctly states: "Ohio Revised Code Section 119.12 applies fully to municipal Civil Service Commissions, including the provision requiring a filing of the transcript of proceedings within 30 days of the filing of the notice of appeal, because judicial review of commission proceedings is specifically made subject to Section 119.12 by express reference in O.R.C. Section 124.34." We note, however, that R.C. 124.34's authority for appeal to the common pleas court is confined to cases of removal or reduction in pay for disciplinary reasons.

The appellee cites several cases in support of its view that the transcript-filing requirement is mandatory and that the court must enter judgment for the adversely affected party when the requirement is not met.

While we agree the requirement is mandatory where it applies, that is not the issue here. The issue is whether the transcript-filing requirement is applicable at all. In the employment-related case cited by appellee, there is no question that R.C. 119.12 applied under the court appeal provision of R.C. 124.34 because it involved a disciplinary discharge. See *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363 [21 O.O.3d 228].

In the other cases cited by the school board, the appeals were from orders of administrative agencies and were made pursuant solely to R.C. 119.12 so the filing requirement clearly was applicable. See *Matash* v. *State* (1964), 177 Ohio St. 55 [29 O.O.2d 153]; *Checker Realty Co.* v. *Ohio Real Estate Comm.* (1974), 41 Ohio App. 2d 37 [70 O.O.2d 46]; *Fahrenbruck* v. *State Bd. of Landscape Architect Examiners* (1967), 13 Ohio Misc. 39 [41 O.O.2d 58].

On the issue of whether the instant appeal was subject to R.C. Chapter 119 despite the inapplication of R.C. 124.34, the appellant argues that a municipal civil service commission is not an "agency" as defined by R.C. 119.01(A). He contends that the appellate provisions of R.C. 119.12, including transcript-filing requirements, are applicable to an "agency." In *Karrick* v. *Bd. of Edn.* (1963), 174 Ohio St. 467 [23 O.O.2d 114], the Supreme Court held that a municipal civil service commission, not being an "agency" as defined by R.C. 119.01(A),

is not subject to provisions of R.C. Chapter 119 in promulgating rules. Two appellate courts have concluded that the *Karrick* holding as to inapplication of R.C. Chapter 119 to municipal civil service commissions in promulgating rules also extends to the general appellate provisions of R.C. 119.12. *Lewis* v. *Parkinson* (1981), 1 Ohio App. 3d 22, 24, held there is no right of appeal from an order of a municipal civil service commission under R.C. 119.12 because such a commission is not an "agency" under the definition of R.C. 119.01(A). Similarly, *Gross* v. *Lima Civil Service Bd.* (October 2, 1981), Allen App. No. 1-81-20, unreported, held that a municipal civil service commission is not an "agency" for purposes of an appeal to common pleas court under the provisions of R.C. 119.12. We agree.

Therefore, we hold that the trial court did not have jurisdiction to hear the appeal of the school board under either R.C. 124.34 or 119.12. Assignments of Error Nos. I and II are sustained.

### ASSIGNMENT OF ERROR NO. III

"III. The trial court erred in granting the board's motion for judgment because the board failed to demonstrate that it was prejudiced in the presentation of its case by the commission's failure to certify the record within 30 days after filing of the notice of appeal."

### ASSIGNMENT OF ERROR NO. IV

"IV. The common pleas court erred in granting the board's motion for judgment, because in so doing it deprived appellant Gillihan of his property interests and rights under Chapter 124, *Ohio Rev. Code,* without providing due process of law as guaranteed by the United States and Ohio Constitutions."

Since we already have held that the trial court lacked jurisdiction to consider the school board's appeal and that the transcript-filing requirement of R.C.

119.12 was inapplicable, these assignments of error become moot.

The judgment is reversed and remanded to the common pleas court with instructions to dismiss the appeal by the school board from the ruling of the Garfield Heights Civil Service Commission.

This cause is reversed and remanded to the common pleas court for further proceedings consistent with this opinion.

*Judgment reversed and
cause remanded.*

MARKUS, J., concurs.

CORRIGAN, C.J., dissents.

CORRIGAN, C.J., dissenting. I must respectfully dissent and state the reasons with limited elaboration. The board had the right to raise on appeal the issue of the commission's jurisdiction. *In re Termination of Employment of Pratt* (1974), 40 Ohio St. 2d 107 [69 O.O.2d 512]; and *Ludwig* v. *Willoughby-Eastlake Bd. of Edn.* (1983), 10 Ohio App. 3d 229.

In *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363 [21 O.O.3d 228], the Supreme Court held that a civil service commission is an agency required to prepare and certify a complete record of proceedings as mandated by R.C. 119.12. With emphasis added, the court said, at 365:

*"Failure of the agency to comply within the time allowed, shall, upon motion, cause the court to enter a finding in favor of the party adversely affected."*

As to the third assignment of error claiming the appellee was required to show prejudice resulting from the failure to certify the record, it should be pointed out that the statute makes no reference to a demonstration of prejudice, and the case relied upon in the brief involved the "agency's omission of

items from the certified record." In the instant case no record was filed.

There is no authority for appellant's position on a due process deprivation as argued in the fourth assignment. *Crockett* v. *Robinson, supra,* specifically held that judgment must be entered in favor of the party adversely affected.

The judgment of the trial court should be affirmed.