[Cite as *Yachanin v. Cleveland Civ. Serv. Comm.*, 2013-Ohio-4485.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99802**

# GEORGE YACHANIN

PLAINTIFF-APPELLANT

vs.

# CLEVELAND CIVIL SERVICE COMMISSION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-765387

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEYS FOR APPELLANT**

Stewart D. Roll
David M. Cuppage
Climaco, Wilcox, Peca, Tarantino & Garofoli
55 Public Square, Suite 1950
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

Barbara Langhenry
Director of Law
James C. Cochran
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

EILEEN T. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant George Yachanin ("Yachanin") appeals the trial court's judgment affirming the Cleveland Civil Service Commission's ("the CCSC") decision to sustain Yachanin's layoff. We find no merit to the appeal and affirm the trial court's judgment.

**{¶2}** Yachanin began employment with defendant-appellee city of Cleveland ("Cleveland" or "the city") in 1987. He worked in various positions including driver and laborer until January 2003, when he was appointed to the class of Construction Equipment Operator ("CEO"), Group B. He was made a regular member of the class in November 2008, when a charter amendment passed that allowed him to be grandfathered in as a regular, full-time member.[1]

**{¶3}** On May 16, 2011, Yachanin received a letter informing him he was going to be laid off as of May 30, 2011. The letter indicated the city was forced to reduce its workforce and lay off personnel as a result of state imposed budget cuts. At the time of his layoff, Yachanin was employed by the Division of Waste but was performing work for the Division of Streets.

**{¶4}** Yachanin appealed the layoff to the CCSC. Following a hearing, the CCSC sustained the city's decision, finding that the city complied with all applicable civil service commission rules. Yachanin appealed the CCSC's decision to the common pleas

---

[1] There is evidence that Yachanin passed a civil service test. However, there is no evidence as to when he took the test or when he passed. Witnesses testified he was grandfathered in as a regular member.

court. In affirming the CCSC's decision, the common pleas court stated that it found the decision "is not unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Yachanin now appeals and raises three assignments of error.

**Standard of Review**

{¶5} In the first assignment of error, Yachanin argues the common pleas court's decision should be reversed because it applied the wrong standard of review.

{¶6} Yachanin brought this administrative appeal pursuant to R.C. 119.12 and 124.34 and contends that appeals brought pursuant to R.C. 119.12 are subject to de novo review. The city contends Yachanin had no right to appeal under R.C. 119.12 and that the standard of review applicable to appeals brought pursuant to R.C. Chapter 2506 is the only applicable standard of review.

{¶7} The right to appeal under R.C. Chapter 119, Ohio's Administrative Procedure Act, is provided in R.C. 119.12. The first paragraph of R.C. 119.12 creates a right to appeal agency decisions affecting professional licensing. In the second paragraph, R.C. 119.12 states, in relevant part:

> Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin County, * * * except that appeals under division (B) of section 124.34 of the Revised Code from a decision of the state personnel board of review or a municipal or civil service township civil service commission shall be taken to the court of common pleas of the county in which the appointing authority is located.

(Emphasis added.) R.C. 119.01 defines "agency" as "any official, board, or commission having authority to promulgate rules and make adjudications in the civil service commission."

{¶8} R.C. 124.34(B) governs the reduction, suspension, removal, and demotion of civil service employees for disciplinary reasons. *Deem v. Fairview Park*, 8th Dist. Cuyahoga No. 96843, 2011-Ohio-5836, ¶ 12. Yachanin's complaint is that he was improperly laid off due to a lack of funds. Another section, R.C. 124.321(B)(1), allows lay offs necessitated by a lack of funds within an appointing authority. Because Yachanin's complaint relates to a lay off for non-disciplinary reasons, Yachanin had no right to appeal his layoff to the Cuyahoga County Common Pleas Court and could only appeal the civil service commission's order to the Franklin County Common Pleas Court under R.C. 119.12. Indeed, this court has previously held that "[t]here is no right of appeal to the court of common pleas under R.C. 124.34 for the determination of a municipal civil service commission in cases of employees' reduction in pay and benefits for non-disciplinary reasons." *Garfield Hts. School Dist. Bd. of Edn. v. Gillihan*, 17 Ohio App.3d 86, 477 N.E.2d 681 (8th Dist. 1984), paragraph one of the syllabus.

{¶9} Yachanin's complaint is appealable pursuant to R.C. Chapter 2506, which confers jurisdiction to the common pleas court and the appellate court to review administrative decisions of any agency or political subdivision. R.C. 2506.01 states, in relevant part:

> (A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision

of any officer, tribunal, authority, board, bureau, *commission*, department, or other division of *any political subdivision of the state* may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code.

The CCSC is a municipal administrative agency whose final order may be appealed pursuant to R.C. 2506.01. *Pub. Emps. Council No. 51, AFSCME AFL-CIO v. Univ. of Cincinnati*, 39 Ohio Misc. 11, 314 N.E.2d 403 (C.P. 1974). Therefore, we apply the standard of review applicable to appeals brought under R.C. Chapter 2506 as set forth in R.C. 2506.04, which states:

If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.

*See also Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147-148, 735 N.E.2d 433 (2000).

{¶10} In affirming the CCSC's decision, the trial court in this case stated:

The court having reviewed the entire record and the briefs of the appellant and appellee, the court affirms the decision of the Cleveland Civil Service Commission, finding the decision is not unconstitutional, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable, and probative evidence.

Therefore, trial court applied the correct standard of review to this administrative appeal.

{¶11} Yachanin's first assignment of error is overruled.

## Appellate Review

{¶12} The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). R.C. 2506.04 grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Henley* at 147-148, quoting *Kisil* at 34, fn. 4. We therefore apply this more limited standard of review to the trial court's judgment.

## Lack of Funds/ Seniority

{¶13} In the second assignment of error, Yachanin argues the trial court erred in affirming the CCSC's decision because the CCSC's decision ignored Cleveland's burden of proving that Yachanin was laid off due to a lack of funds. He also argues the trial court should have reversed the CCSC's decision because his seniority prevented him from being laid off.

{¶14} R.C. 124.321 allows municipalities to lay off employees for a variety of reasons including a "lack of funds." R.C. 124.321(B); *Penrod v. Ohio Dept. of Adm. Servs.*, 113 Ohio St.3d 239, 2007-Ohio-1688, 864 N.E.2d 79, ¶15-16. R.C. 124.321(B)(2) provides that "a 'lack of funds' means an appointing authority has a current or projected deficiency of funding to maintain current, or to sustain projected, levels of staffing and operations."

{¶15} Ohio Adm. Code 124-7-01(A)(2) places the burden of proof on the employer to prove lack of funds. CCSC Civil Service Rule 9.70 states, in relevant part: "Though the appeal is brought on behalf of the employee, the appointing authority has the burden of proof." Cleveland does not dispute its burden of proof.

{¶16} Cleveland's May 16, 2011 letter to Yachanin advised him that he was being laid off due to a lack of funds. Yachanin contends there was no proof that Cleveland, the appointing authority, "ha[d] a current or projected deficiency in funding to maintain current, or to sustain projected, levels of staffing and operations."

{¶17} However, Ronnie Owens ("Owens"), the commissioner of waste collection, testified that lay offs were based "on the city's financial situation, as well as operational needs," and explained that the city was receiving less funding from the state. The Division of Waste manages its own budget and payroll, which must be approved by city counsel annually. Owens also testified that there was substantially less trash being collected in recent years, so the city required fewer people to move it.

{¶18} Further, Debbie Southerington testified that she became Cleveland's human resources director in March 2011, just before numerous layoffs were going to occur. She stated that human resources interacted with all city departments and divisions concerning lay off notices because layoffs were occurring city wide as a result of the state's funding reductions. The implication of this evidence is that as a result of state funding cuts, there was a projected deficiency in funds to sustain current staffing levels. Yachanin offered no evidence to refute the city's evidence that lay offs were necessitated by a loss of state

funds. Therefore, there was a preponderance of the evidence to support the CCSC's finding that Yachanin's lay off was necessitated by a lack of funds.

{¶19} Yachanin also argues that because he had more seniority than other CEOs, those CEOs with less seniority than he should have been laid off before him. He contends the CCSC should have determined layoffs from a list that included all of the city's CEO Class B operators regardless of the division in which they were employed.

{¶20} However, Civil Service Rule 8.20, which governs lay offs, provides, in relevant part:

> Whenever it becomes necessary to reduce the working force in a classification *in any Division* of the City service, the appointing authority may lay off any appointee in such classification; provided that where two or more persons are employed in a classification, they shall be laid off in the inverse order of their appointment in such classification. (Emphasis added.)

Civil Service Rule 8.20 clearly provides that lay offs are made according to seniority within a city's division and not seniority within a classification as a whole. The rule expressly states that it is aimed at reducing "the working force in a classification in any Division."

{¶21} Yachanin concedes the two other CEOs employed in the Division of Waste had seniority over him. The fact that Yachanin had more seniority than other CEOs employed in other divisions throughout the city is irrelevant under Civil Service Rule 8.20. Therefore, the CCSC and the trial court applied Civil Service Rule 8.20 correctly when it laid Yachanin off because he had the least seniority in the division.

{¶22} The second assignment of error is overruled.

**Complete Record**

{¶23} In the third assignment of error, Yachanin argues the trial court's decision should be reversed because the CCSC failed to comply with R.C. 119.12's mandate to prepare and certify a complete record of the proceedings within 30 days after receiving a notice of appeal.

{¶24} As previously explained, R.C. 119.12 does not govern this appeal. Therefore, the sanction contained in R.C. 119.12 that requires the court to enter judgment in favor of the party adversely affected by the agency's decision for failure to certify a complete record is inapplicable. Nevertheless, R.C. 2505.08 provides that "within forty days after the filing of a notice of appeal" the agency whose final order is being appealed "shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order."

{¶25} Yachanin does not argue that the CCSC failed to file the record in a timely manner or that any specific parts of the record are missing. He contends the affidavit from Munday Workman ("Workman"), the supervisor of CCSC records, attesting to the authenticity of the "Administrative Record," fails to contain a certification that the agency has submitted a "complete record" of the administrative proceedings to the court. He argues, citing *McKenzie v. Ohio State Racing Comm.*, 5 Ohio St.2d 229, 215 N.E.2d 397 (1966), that unless the agency member who certifies the record specifically states that it "is a complete record," the record is not complete. However, the *McKenzie* court discussed the record requirements for appeals brought pursuant to R.C. 119.12 rather than

R.C. Chapter 2505, which does not contain the same sanction for failure to certify the record.

{¶26} Moreover, in *Arlow v. Ohio Rehab. Servs. Comm.*, 24 Ohio St.3d 153, 493 N.E.2d 1337 (1986), which also involved an R.C. 119.12 appeal, the Ohio Supreme Court held that minor imperfections in the record do not warrant automatic judgment in the appellant's favor and that the appellant must demonstrate that he was prejudiced by the agency's omission. *Id.* at 155.

{¶27} In the affidavit certifying the record in this case, Workman states: "The attached documents are a true and accurate copy of the Administrative Record of the Civil Service Commission proceedings in the matter of George Yachanin." The *McKenzie* court held that certified copies of documents are sufficient to complete the record. *McKenzie* at paragraph two of the syllabus. Yachanin fails to demonstrate any prejudice caused by Workman's failure to state that the true and accurate copy of the Administrative Record is a "complete record."

{¶28} Therefore, the third assignment of error is overruled.

{¶29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR