OPINION
{¶ 1} Plaintiff-Appellant, Gregory Gottfried, appeals a judgment of the Crawford County Court of Common Pleas, dismissing his appeal from an involuntary disability separation for lack of subject matter jurisdiction. On appeal, Gottfried contends that the trial court erred in dismissing his appeal and that the State Personnel Board of Review's (the "Board") notice of appeal rights was insufficient, denying him his right to due process. Finding that the trial court properly dismissed his cause for lack of subject matter jurisdiction and that the Board's notice of appeal rights was sufficient, we affirm the judgment of the trial court.
 {¶ 2} Gottfried was first employed by the State as a boiler operator for the Department of Rehabilitation and Corrections ("DRC") in June of 1990. In 1998, he went on disability leave. In December of 2001, the Ohio Public Employee's Retirement System ("PERS") determined that Gottfried was able to return to work without restriction.
 {¶ 3} Subsequently, Gottfried was required to attend the DRC training academy, which is typical for new hires and employees returning from extended leaves of absence. While at the DRC training academy, seven co-workers filed incident reports regarding Gottfried's behavior. Additionally, Gottfried filed several reports regarding the other co-workers. Based on these reports, DRC placed Gottfried on administrative leave and required him to submit to an independent medical evaluation pursuant to Ohio Adm. Code 123:1-33-01.
 {¶ 4} In October of 2002, Dr. Theodore Williams performed the independent medical evaluation on Gottfried. Based upon a review of Gottfried's personnel file, which included various emails, manager's notes, corrective counseling notes, investigation reports and performance evaluations from 1990 through 2002; Gottfried's medical records; and, an interview with Gottfried, Williams determined that Gottfried was unfit and unable to perform the essential job duties for the position of Groundskeeper 3.
 {¶ 5} Based on Williams' report, DRC sent a letter, initiating steps towards an involuntary disability separation. The letter, which was dated November 7, 2002, stated that in accordance with Ohio Adm. Code 123:1-33-01
and 123:1-33-02 Gottfried was being placed on disability separation, that a pre-separation hearing was scheduled for November 15, 2002, and that this disability separation was not a disciplinary measure.
 {¶ 6} Following the pre-separation hearing, DRC placed Gottfried on involuntary disability separation, effective November 17, 2002, based upon Gottfried's being medically determined to be unable to perform the duties of his position as a groundskeeper. DRC's order specifically stated that the order was not a disciplinary measure.
 {¶ 7} Subsequently, Gottfried filed an appeal with the Board. A hearing was held in front of an Administrative Law Judge ("ALJ"), who recommended that DRC's decision be affirmed. The Board later adopted the ALJ's recommendation, upholding Gottfried's involuntary disability separation. Additionally, included with the Board's decision, Gottfried was also served with a notice of appeal rights, detailing how to appeal the Board's decision. The notice specifically states that, "[w]here applicable, this Order may be appealed under the provisions of Chapter 124 and 119."
 {¶ 8} In September of 2004, Gottfried filed a notice of appeal of the Board's decision with the Crawford County Court of Common Pleas, which was the county of Gottfried's residence. Subsequently, DRC filed a motion to dismiss Gottfried's appeal on the basis that the Crawford County Court of Common Pleas lacked subject matter jurisdiction pursuant to R.C. 119. Finding that Gottfried's separation was not for disciplinary reasons and that pursuant to R.C. 119.12 the Franklin County Court of Common Pleas had exclusive subject matter jurisdiction, the trial court dismissed Gottfried's appeal. It is from this judgment that Gottfried appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The court below erred in dismissing appellant's 124 appeal forlack of jurisdiction.
 Assignment of Error No. II R.C. 119.09 and due process requires a complete, correct andunambiguous notice of the method by which an administrative order may beappealed.
 Assignment of Error No. I {¶ 9} In his first assignment of error, Gottfried asserts that the trial court erred in dismissing his appeal for lack of subject matter jurisdiction. Specifically, Gottfried argues that the Crawford County Court of Common Pleas does have subject matter jurisdiction pursuant to R.C. 124.34.
 {¶ 10} R.C. 124.34 states in pertinent part, "[i]n cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review of the commission to the court of common pleas of the court in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code." (Emphasis added.)
 {¶ 11} R.C. 119.12 also governs appeals by parties adversely affected by agency rulings. The first paragraph of R.C. 119.12 specifically addresses the appeal process for parties that have been denied admission to an examination, denied the issuance or renewal of a license or registration or revocation or suspension of a license or a payment of a forfeiture. The second paragraph goes on to expressly state that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county."
 {¶ 12} In Davis v. State Personnel Bd. of Review (1980),64 Ohio St.2d 102, the Ohio Supreme Court held the R.C. 124.34 is an exception to the general rule that the Franklin County Court of Common Pleas holds exclusive jurisdiction over appeals by parties who had been adversely affected by a ruling of an agency, which is provided for in the second paragraph of R.C. 119.12. Id. at 105-106. Specifically, the Court noted the following:
 * * * a close reading of R.C. 124.34 demonstrates that the GeneralAssembly incorporated by reference the entirety of the appellateprocedure contained in R.C. 119.12, with one significant exception-achange was made regarding the county in which appeals from removal orreduction in pay for disciplinary reasons actions under R.C. 124.34 couldbe filed. Thus, an exception to the general rule was intended by theGeneral Assembly.
Id. (emphasis added.)
 {¶ 13} Accordingly, as the Court noted, R.C. 119.12 governs the general appellate procedure for parties adversely affected by an agency ruling, while R.C. 124.34 governs only in situations involving removal or reduction in pay for disciplinary reasons. See, also, Woodward v. Dept.of MR/DD, Apple Creek Developmental Center, 9th Dist. No. 023CA0070, 2003-Ohio-4903, ¶ 11; Hertzfeld v. Medical College of Ohio at Toledo
(2001), 145 Ohio App.3d 616, 619.
 {¶ 14} In the case sub judice, Gottfried's appeal does not involve a reduction in pay or removal for disciplinary reasons. As noted above, both the initial letter sent by DRC as well as the order following the pre-separation hearing stated that Gottfried was not being placed on involuntary disability separation for disciplinary reasons. Additionally, DRC's order, placing Gottfried on involuntary disability separation, was based upon Gottfried being medically determined to be unable to perform the duties of his position as a groundskeeper. Finally, we find that the record supports such a finding and that Gottfried was not involuntarily separated for disciplinary reasons as Gottfried asserts in his brief.
 {¶ 15} Accordingly, finding that this was not a disciplinary removal and that Franklin County Court of Common Pleas has exclusive jurisdiction pursuant to R.C. 119.12, the first assignment of error is overruled.
 Assignment of Error No. II {¶ 16} In his second assignment of error, Gottfried asserts that the Board's notice of appeal rights was insufficient because it failed to provide a complete, correct and unambiguous notice of the method by which he was to appeal the administrative order. Specifically, Gottfried argues that under R.C. 119.09 the notice of appeal rights contained within the Board's order should have specifically direct him to file the appeal with the Franklin County Court of Common Pleas.
 {¶ 17} R.C. 119.09 states in pertinent part: "After such order is entered on its journal, the agency shall serve by certified mail * * * upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected."
 {¶ 18} The notice of appeal rights contained in the order of the Board provided that "[w]here applicable, this Order may be appealed under provisions of Chapter 124 and 119 of the Revised Code. A written Notice of Appeal setting forth the Order appealed from and the grounds of appeal must be filed with this Board and the appropriate court within fifteen (15) days after the mailing of this notice."
 {¶ 19} As noted above, the second paragraph of R.C. 119.12 provides that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county."
 {¶ 20} While Gottfried contends that the Board's notice of appeal rights contained in the order was inaccurate and incomplete so as to deny him due process, we disagree. In G D, Inc. v. Ohio State LiquorControl Com'n, 3d Dist. No. 3-02-04, 2002-Ohio-4407, ¶ 10, this Court has previously held that a notice referencing R.C. 119.12, without specifically referencing the Franklin County Court of Common Pleas was sufficient under R.C. 119.09 for an appeal of an order of the Liquor Commission. While the Board's notice only referenced R.C. 119 generally, we are nonetheless satisfied that such notice is also sufficient.
 {¶ 21} The reasoning relied upon by this Court in the G D case applies herein. As noted in G.D.,
 `Admittedly, the order could have been more specific and indicatedprecisely that appellant could appeal only to the Franklin County Court ofCommon Pleas, rather than nonspecifically refer to `the Court of CommonPleas with competent jurisdiction.' However, appellant cannot claim thatthe generality of such notice was misleading or ambiguous given thedirect citation to R.C. 119.12 which explicitly indicates that the onlycourt with proper jurisdiction to hear appeals from Liquor ControlCommission orders is the Franklin County Court of Common Pleas. Thecommission's instructions do not direct appellant to appeal to any othercourt. There could be little confusion of the proper filing proceduregiven the unequivocal language contained in R.C. 119.12. Appellant failsto present any compelling argument as to why it was unable to follow thedirections as set forth in the statute, and it cites no other authorityfor the proposition that the language used by the commission in thenotice of appeal rights constitutes a denial of due process.'
Id., citing G D, Inc. v. Ohio State Liquor Control Commission, 10th Dist. No. 01AP-1189, 2002 Ohio 2806, ¶ 12.
 {¶ 22} As in G D, R.C. 119.12 clearly states the proper filing procedure. Additionally, the second paragraph unequivocally states that appeals must be filed in the Franklin County Court of Common Pleas. While the Board's notice only generally references R.C. 119, we are satisfied that is sufficient notice.
 {¶ 23} Additionally, the Board's reference to R.C. 124 in the notice is also without error. As noted above, R.C. 124.34 provides an exception to the general filing rules found in R.C. 119.12. Therefore, the Board's referencing R.C. 124 is reasonable in these types of cases, because, even though Gottfried's separation was not for disciplinary reasons, had this been a disciplinary separation R.C. 124 would have been applicable. Accordingly, we are satisfied that the notice given in the Board's order, regarding the method by which Gottfried was to appeal that order, adequately complies with the requirement set forth in R.C. 119.09.
 {¶ 24} Finding that Gottfried was given sufficient notice of the method by which he was to appeal the Board's order, we find that he has not been denied his right to due process. Accordingly, his second assignment of error is overruled.
 {¶ 25} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.