## CUYAHOGA COUNTY BOARD OF COMMISSIONERS, Appellant,

### v.

## DAROCZY et al., Appellees.

[Cite as *Cuyahoga Cty. Bd. of Commrs. v. Daroczy,*
178 Ohio App.3d 625, 2008-Ohio-5491.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90694.

Decided Oct. 23, 2008.

**626**

William D. Mason, Cuyahoga County Prosecuting Attorney, and Barbara R. Marburger, Assistant County Prosecuting Attorney, for appellant.

Blaugrund, Herbert & Martin, Inc., John W. Herbert, and Marc E. Myers, for appellees.

---

MELODY J. STEWART, Judge.

{¶ 1} The Cuyahoga County Board of Commissioners appeals from the judgment of the Cuyahoga County Court of Common Pleas which dismissed its administrative appeal. The Board of Commissioners presents one assignment of error for review, asserting that the common pleas court erred when it determined that it lacked subject-matter jurisdiction over the appeal. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} On December 20, 2005, the Board of Commissioners instituted changes to its salary schedule for nonbargaining county employees. More than 50 county employees filed appeals to the State Personnel Board of Review ("SPBR"), alleging that the new schedule was a "reduction in pay." On May 18, 2007, the SPBR's administrative law judge issued a report and recommendation finding that the Board of Commissioners improperly reduced the employees' pay and recommending that the Board's reduction be disaffirmed. By amended order of July 18, 2007, the SPBR consolidated the appeals, adopted the report and recommendation, and disaffirmed the Board of Commissioners' action.

{¶ 3} On July 20, 2007, the Board of Commissioners filed an appeal from the SPBR's consolidated order in the Cuyahoga County Court of Common Pleas, case No. CV–07–630601. On November 13, 2007, the court dismissed the case, citing a lack of subject-matter jurisdiction. The Board of Commissioners timely appealed that judgment to this court.

{¶ 4} Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. The question of subject-matter jurisdiction is a question of law, subject to a de novo review on appeal. *Dzina v. Avera Internatl. Corp.*, Cuyahoga App. No. 86583, 2006-Ohio-1363, 2006 WL 728755. The question on appeal is whether subject-matter jurisdiction for this particular administrative appeal has been conferred by statute on the Cuyahoga County Court of Common Pleas, as appellant contends.[1]

---

1. On July 20, 2007, the Board of Commissioners also filed an appeal from the SPBR's order in the Franklin County Court of Common Pleas in case no. 07–CV–009628. Appellees assert

**{¶ 5}** There is no inherent right to appeal from a judgment rendered in an administrative adjudication. Such a right must be expressly conferred by statute or the Constitution. *Corn v. Bd. of Liquor Control* (1953), 160 Ohio St. 9, 11, 50 O.O. 479, 113 N.E.2d 360. R.C. 119.12, part of the Administrative Procedure Act, is a general statute providing for appeals from orders of various administrative agencies, including the SPBR. *In re Termination of Emp. of Pratt* (1974), 40 Ohio St.2d 107, 110, 69 O.O.2d 512, 321 N.E.2d 603. Prior to June 30, 2007, the first paragraph of R.C. 119.12 addressed the appeal process for parties denied admission to an examination, denied the issuance or renewal of a license or registration or revocation or suspension of a license, or a payment of a forfeiture. The second paragraph provided that "any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county." R.C. 124.34, enacted after R.C. 119.12, provided that "in cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

**{¶ 6}** In *Davis v. State Personnel Bd. of Rev.* (1980), 64 Ohio St.2d 102, 18 O.O.3d 345, 413 N.E.2d 816, the Ohio Supreme Court discussed the relationship between R.C. 124.34 and 119.12. The court applied the rule of statutory construction that states that a specific statute, enacted later in time than a preexisting general statute, will control where a conflict between the two arises. The court concluded that "the forum provisions of R.C. 124.34 in removal and reduction in pay for disciplinary reasons cases were intended to supersede those of R.C. 119.12." Id. at 105, 18 O.O.3d 345, 413 N.E.2d 816.

**{¶ 7}** As a result of *Davis*, in cases involving reductions or removals for disciplinary reasons, R.C. 124.34 controlled and jurisdiction over administrative appeals was in the common pleas court in the employee's county of residence. In cases involving reductions or removals for nondisciplinary reasons, the general provisions of R.C. 119.12 applied, placing jurisdiction in the Franklin County Court of Common Pleas. See *Hertzfeld v. Med. College of Ohio* (2001), 145 Ohio App.3d 616, 763 N.E.2d 1212; *Woodward v. Dept. of MR/DD, Apple Creek Dev. Ctr.*, Wayne App. No. 023CA0070, 2003-Ohio-4903, 2003 WL 22136279; *Gottfried v. Dept. of Rehab. & Corr.*, Crawford App. No. 3-04-33, 2005-Ohio-1783, 2005 WL

---

that the Franklin County Court of Common Pleas accepted jurisdiction in that case and issued a decision remanding the matter to the SPBR. Appellant asserts that the decision in that case is now pending on appeal before the Tenth District Court of Appeals in App. No. 08APE02–123. Aside from these assertions, there is nothing in the record before us relating to the Franklin County case, and it has no effect on this appeal.

873748; *Koren v. Ashtabula Cty. Commrs.* (Mar. 31, 1999), Ashtabula App. No. 98–A–0042, 1999 WL 262156.

{¶ 8} Sub.H.B. No. 187 was enacted in December 2006 to implement changes to the civil-service laws. The act amended the language of R.C. 124.34 and 119.12. The Board of Commissioners contends that as a result of these amendments, jurisdiction over administrative appeals from SPBR decisions relating to all reductions in pay or position, not just those relating to reductions resulting from a formal disciplinary order, now rests in the common pleas court in the county in which the appointing agency is located.

{¶ 9} Appellees-employees contend that the only change to jurisdiction resulting from the amendments is that appeals from SPBR orders relating to disciplinary removals and reductions in pay must now be filed in the county where the appointing agency is located rather than the county where the employee resides. They argue that R.C. 124.34(B) is limited to cases of removal or reduction in pay for disciplinary reasons and that H.B. 187 did not amend the scope of this section. They further argue that since both parties agree that this case does not involve a disciplinary action, the Cuyahoga County Court of Common Pleas lacks jurisdiction.

{¶ 10} The object of judicial review of the construction of a statute is to ascertain and give effect to the legislative intent in enacting the statute. *State ex rel. Canales–Flores v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 129, 2005-Ohio-5642, 841 N.E.2d 757, ¶ 25. The first step in such an analysis is to determine whether the statute under review is ambiguous. If the statute is unambiguous, we must apply it rather than construe it. Id. at ¶ 28.

{¶ 11} After review of the relevant sections of R.C. 124.34(B) and 119.12, as amended, we agree with appellees that although neither statute is a paragon of clarity, the language of both statutes is sufficiently unambiguous so as to be applied as written.

{¶ 12} R.C. 124.34(B) concerns disciplinary actions taken by an employer ("appointing agency") against an employee. *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 382, 21 O.O.3d 238, 423 N.E.2d 1105 (R.C. 124.34 * * * is limited to matters concerning removal or reduction in employment for disciplinary reasons). The statute permits employees to seek SPBR review of an employer's action in cases involving a reduction in pay, certain fines or suspensions, or removal.

{¶ 13} Prior to H.B. 187, the first two paragraphs of R.C. 124.34(B) provided the procedural steps for the employee to appeal the disciplinary action to the SPBR. The third paragraph gave both the employee and the appointing agency the right to appeal the SPBR decision to the common pleas court. Jurisdiction

over the appeal was in "the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

{¶ 14} H.B. 187 amended all three paragraphs of R.C. 124.34(B). As a result of amendments to the first two paragraphs, the disciplinary suspensions or fines subject to review are now measured in work hours rather than work days. The amendments also modify the list of orders that an appointing authority must serve on an employee, and eliminate the requirement that those orders must be filed with the Director of the Department of Administrative Services and the SPBR. Finally, the new language limits the SPBR or civil-service commission review of "last chance agreements."

{¶ 15} The only change made to the third paragraph of R.C. 124.34(B) is that jurisdiction for appeals from decisions of the SPBR in disciplinary matters is now vested in the common pleas court in the county in which the employer is located, rather than the county in which the employee resides. The amended language reads:

{¶ 16} "In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission, and any such appeal shall be to the court of common pleas of the county in which the appointing authority is located, or to the court of common pleas of Franklin county, as provided by section 119.12 of the Revised Code."

{¶ 17} The second paragraph of R.C. 119.12 was amended to reflect this change, and now reads:

{¶ 18} "Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located and *except that appeals under division (B) of section 124.34 of the Revised Code from a decision of the state personnel board of review or a municipal or civil service township civil service commission shall be taken to the court of common pleas of the county in which the appointing authority is located* or, in the case of an appeal by the department of rehabilitation and correction, to the court of common pleas of Franklin county." (Emphasis added.)

■ {¶ 19} The amendment of R.C. 124.34 and 119.12 eliminates the conflict addressed in the *Davis* decision and places jurisdiction over appeals from SPBR or civil service commission's rulings in disciplinary reductions and removals with the court of common pleas in the county in which the appointing agency is

located. Jurisdiction over appeals of SPBR rulings in other cases remains with the Franklin County Court of Common Pleas. If the General Assembly had intended to vest jurisdiction over appeals from all rulings of the SPBR in the county in which the appointing agency was located, it would have said so.

{¶ 20} Since it is undisputed that the SPBR decision in the instant case does not concern a reduction or removal for disciplinary reasons, the Cuyahoga County Court of Common Pleas lacks subject-matter jurisdiction over the appeal. Appellant's single assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

SWEENEY, A.J., and MCMONAGLE, J., concur.