OPINION
{¶ 1} This is an appeal by the Cuyahoga County Board of County Commissioners ("Commissioners") from the Franklin County Court of Common Pleas, which affirmed an order of the State Personnel Board of Review ("SPBR"), but *Page 2 
remanded the case for consideration of the merits. After review, we affirm the remand order of the trial court.
 {¶ 2} In December 2005, the Commissioners adopted a new salary schedule for all of its non-bargaining employees. The new schedule resulted in a net pay increase for the employees. Fifty-one employees filed an appeal to SPBR claiming a reduction in pay because the new schedule resulted in a reduction of one step in the grid of salary ranges for each of the employees.
 {¶ 3} On May 21, 2007, in each of the 51 appeals, the Administrative Law Judge ("ALJ") for SPBR (1) concluded that the Commissioners' placement of the employees into a lower step constituted a no-order reduction, and (2) ordered each employee to be restored to the step held immediately prior to being placed in the lower step and be given back pay. On July 10, 2007, SPBR adopted the ALJ's report and recommendation and then amended its decision on July 18, 2007, to consolidate the appeals.
 {¶ 4} The Commissioners filed an appeal to the Franklin County Court of Common Pleas. The Commissioners also filed an identical appeal in the Cuyahoga County Court of Common Pleas. The Cuyahoga County Court of Common Pleas determined that it did not have jurisdiction to determine the appeal because the case did not fall within the purview of R.C. 124.34(B). The Eighth District Court of Appeals affirmed. Cuyahoga Cty.Bd. of Cty. Commrs. v. Daroczy, Cuyahoga App. No. 90694, 2008-Ohio-5491.
 {¶ 5} The Franklin County Court of Common Pleas determined that SPBR had jurisdiction over the appeal because it related to a "reduction," as defined in county *Page 3 
personnel rules. The court also determined, however, that SBPR overstepped its reach in entering judgment against the county without trying to decipher the impact of the schedule change and that its decision was not supported by substantial evidence. The court remanded the matter to SPBR for a hearing on the merits.
 {¶ 6} The Commissioners appealed to this court and raised the following assignment of error:
 The trial court erred by affirming that the State Personnel Board of Review has subject matter jurisdiction pursuant to R.C. 124.03 and 124.34
to entertain appeals of employees claiming that they were "reduced in compensation" where it is apparent from the face of the employees' appeals that none of the employees sustained a diminution in compensation but rather they were all given increases in compensation by the act about which they complain.
 {¶ 7} Before we address the assignment of error, we first address our jurisdiction in this case. In doing so, we consider the supplemental briefing submitted by the parties.
 {¶ 8} R.C. 119.12 describes the procedures applicable to an appeal from specified orders following an adjudication by an administrative agency. Important for our purposes here, and as amended effective July 1, 2007, R.C. 119.12 provides, in pertinent part:
 Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, * * * except that appeals under division (B) of section 124.34 of the Revised Code from a decision of the state personnel board of review * * * shall be taken to the court of common pleas of the county in which the appointing authority is located * * * *Page 4 
 {¶ 9} From the plain language of R.C. 119.12, we may only conclude that the Franklin County Court of Common Pleas has exclusive jurisdiction to decide appeals from SPBR decisions, unless they fall within R.C. 124.34(B). That section, as amended effective July 1, 2007, provides, in pertinent part:
 In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission, and any such appeal shall be to the court of common pleas of the county in which the appointing authority is located, or to the court of common pleas of Franklin county, as provided by section 119.12 of the Revised Code.
 {¶ 10} Ohio courts, including this court, have held that the appeal mechanism contained within R.C. 124.34(B) applies only to appeals involving removals or reductions in pay for disciplinary reasons.Gottfried v. Dept. of Rehab. Corr., Crawford App. No. 3-04-33,2005-Ohio-1783, ¶ 13; Woodward v. Dept. of MR/DD, Wayne App. No. 02CA0070, 2003-Ohio-4903, ¶ 11; Hertzfeld v. Med. College of Ohio atToledo (2001), 145 Ohio App.3d 616, 619. Thus, an appeal from an SPBR decision not involving a removal or reduction in pay for disciplinary reasons is proper in the Franklin County Court of Common Pleas pursuant to R.C. 119.12, as an appeal from an order of an agency following "any other adjudication." Woodward, supra, ¶ 10-11; Hertzfeld, supra, at 619.
 {¶ 11} Applying these principles and the express language of R.C. 119.12 here, we conclude, as the Eighth District concluded, that, because this appeal does not relate to a removal or reduction in pay for disciplinary reasons, R.C. 124.34(B) does not apply, *Page 5 
and the Franklin County Court of Common Pleas had exclusive jurisdiction to hear the appeal pursuant to R.C. 119.12. We turn, then, to the assigned error.
 {¶ 12} By their assignment of error, the Commissioners contend that the trial court erred in finding that SPBR had jurisdiction to review the employees' appeals. In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,111.
 {¶ 13} The Ohio Supreme Court has defined reliable, probative, and substantial evidence as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571. (Footnotes omitted.)
 {¶ 14} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village SchoolDist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that SPBR's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its *Page 6 
discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. However, on the question whether SPBR's order was in accordance with the law, this court's review is plenary. Univ. Hosp.,Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343.
 {¶ 15} The ALJ found that SPBR has the authority to determine whether SPBR has jurisdiction over an alleged reduction pursuant to R.C. 124.03
and 124.34. Ohio Adm. Code 124-5-02 provides that, "[i]f a reduction, removal or suspension is alleged and no `section 124.34 order' has been filed with the state personnel board of review, the employee shall prove, by a preponderance of the evidence, that the reduction, removal or suspension occurred." In this case, the employees alleged that they were appealing an R.C. 124.34 no-order reduction.
 {¶ 16} SPBR jurisdiction is set forth in R.C. 124.03, as follows:
 (A) The state personnel board of review shall exercise the following powers and perform the following duties:
 (1) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director, or anybody authorized to perform the director's functions, to reassign an employee to another classification or to reclassify the employee's position with or without a job audit under division (D) of section 124.14 of the Revised Code. * * * *Page 7 
 {¶ 17} An administrative agency has only those powers that the General Assembly confers upon it. Shell v. Ohio Veterinary Med. LicensingBd., 105 Ohio St.3d 420, 2005-Ohio-2423, ¶ 32. When the General Assembly grants an administrative agency power to hear appeals, the statutory language determines the parameters of the agency's jurisdiction.Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals (1988),40 Ohio St.3d 41, 43. And, "`(w)here the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for * * * (resort) to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted.'" Meeks v.Papadopulos (1980), 62 Ohio St.2d 187, 190, quoting Sears v. Weimer
(1944), 143 Ohio St. 312, paragraph five of the syllabus.
 {¶ 18} Applying the plain language of R.C. 124.03 here, SPBR's jurisdiction over appeals involving reductions is limited to appeals "relative to reduction in pay or position." The parties agree that no reduction in position is involved in this case. The question, then, is whether a "reduction in pay" occurred.
 {¶ 19} The Commissioners argue that no reduction in pay occurred because the employees' individual salaries were increased by an amount ranging from 3.2 percent to 5.3 percent, and, therefore, SPBR has no jurisdiction to hear the appeal. The employees, however, argue that the Commissioners are bound by their own personnel rules, which define "reduction" as "a change of the classification held by an employee to one hav[ing] a lower base pay range or rate, a change to a lower step within a salary range, or any decrease in compensation for an employee." Applying this definition, the employees argue, their appeals relate to a "reduction" because they have been *Page 8 
changed to a lower step, and, therefore, SPBR has jurisdiction. We turn to the statutory provisions.
 {¶ 20} In general terms, provisions within R.C. Chapter 124 grant to the director of the state department of administrative services certain powers relating to state and county employees. R.C. 124.14(A), for example, requires the state director to establish a job classification plan for all state employees. R.C. 124.14(A)(5) also requires the state director to adopt rules for the establishment of a job classification plan for county agencies, but only for those agencies that do not elect to create their own county personnel departments. R.C. 124.14(G) grants to each board of county commissioners the authority to create and designate a county personnel department to exercise the relevant "powers, duties, and functions" otherwise granted to the state department of administrative services. Important for our purposes here, R.C. 124.14(G)(2) expressly excludes from this designation "the powers and duties of the state personnel board of review, which powers and duties shall not be construed as having been modified or diminished in any manner by division (G)(2) of this section."
 {¶ 21} From these provisions, we may only conclude that a county personnel department's rules do not and cannot reduce, enlarge or otherwise define SPBR jurisdiction, a conclusion consistent with the general principle that SPBR holds only those powers expressly granted to it by the General Assembly. Thus, we expressly reject the reliance placed upon the county personnel rules by the ALJ and the trial court for purposes of defining SPBR jurisdiction, and we conclude that the trial court erred by relying on those rules for that purpose. Specifically, we reverse the trial court's finding *Page 9 
that the conclusions of the ALJ and SPBR "should be AFFIRMED with respect to their jurisdiction in this matter."
 {¶ 22} We next consider whether the trial court erred by remanding this matter to SPBR. Notwithstanding the county personnel rule's definition of "reduction" to include a reduction in step, the appropriate question before SPBR and the trial court was whether the Commissioner's change to the salary schedule resulted in a "reduction in pay" under R.C. 124.03(A)(1).
 {¶ 23} Ohio Adm. Code 124-1-02(Y) defines "reduction in pay" as "an action which diminishes an employee's pay." Ohio Adm. Code 124-1-02(Q) defines "pay" as:
 (1) The annual, non-overtime compensation due an employee including, when applicable, the cost of the appointing authority's insurance or other contributions, longevity pay, supplemental pay and hazard pay, divided by the product of the number of regularly scheduled hours in a workweek times fifty-two; or
 (2) The annual compensation assigned to a position including, when applicable, the cost of the appointing authority's insurance, or other contributions, longevity pay, supplemental pay and hazard pay.
 {¶ 24} Here, relying on the county personnel rules, SPBR concluded that the reduction in step was, by definition, a reduction in pay. SPBR did not, however, determine whether the lower step created a reduction in the amount of the annual compensation assigned to the position. As the trial court stated, SPBR "overstepped its reach in entering judgment against the county without trying to decipher what the pay raise meant and why such a convoluted route was necessary to effectuate the raise." In fact, much of the evidence concerning the pay raise, as contained within our record on appeal, is illegible and does not indicate how the lower step assignments affect the *Page 10 
employees' pay. While the Commissioners argue that the employees all received a salary increase, the evidence does not indicate whether that increase was less than, equal to or greater than the increase the employees would have received without the step change. Therefore, from this evidence, neither we nor the trial court could determine whether the lower step assignments involved a "reduction in pay" for purposes of R.C. 124.03 and SPBR jurisdiction.
 {¶ 25} For all these reasons, we conclude that the trial court was correct in finding that SPBR's decision was "not supported by substantial evidence given the minimal record" and that, "at this stage of the underlying litigation there appears to be a lack of evidence upon which to make a sound judgment." Specifically, we affirm that portion of the trial court's decision finding "that the case should be REMANDED to the SPBR for consideration of the merits of the case, i.e., whether there was in fact a reduction and, if so, what action should appropriately be taken by [SPBR] to effectuate the intentions of the parties."
 {¶ 26} In conclusion, while we disagree with the trial court's reliance on the county personnel rules for determining SPBR's jurisdiction, we agree with the trial court's remand of this matter to SPBR for a determination of whether the appeal relates to an actual reduction in pay for purposes of R.C. 124.03 and, if so, appropriate action thereafter. Therefore, we sustain in part and overrule in part the Commissioners' assignment of error.
 {¶ 27} The employees also filed a notice of appeal and raised the following assignment of error: *Page 11 
 The Trial Court erred when it remanded this cause to the State Personnel Board of Review for evidentiary hearings instead of affirming the Board's order in all respects.
 {¶ 28} We have already determined that the evidence contained in the record is insufficient to determine whether SPBR had jurisdiction and that SPBR itself addressed the wrong issue. Therefore, the trial court did not err in remanding this matter to SPBR for a determination of whether the reduction in pay created a reduction in the amount of the annual compensation assigned to each position. Thus, we overrule the employees' assignment of error.
 {¶ 29} For these reasons, we sustain in part and overrule in part the Commissioners' assignment of error, and we overrule the employees' assignment of error. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand this matter to the trial court with instructions to reverse, in part, its judgment and to remand the matter to SPBR for further proceedings consistent with this opinion and applicable law.
Judgment affirmed in part reversed in part, and cause remanded withinstructions.
 McGRATH, P.J., and BROWN, J., concur. *Page 1