[Cite as *Gurish v. Dept. of Dev. Disabilities*, 2012-Ohio-3457.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97645

## DANIEL GURISH

PLAINTIFF-APPELLANT

vs.

## DEPARTMENT OF DEVELOPMENTAL DISABILITIES

DEFENDANT-APPELLEE

### JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-759346

**BEFORE:**   Keough, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   August 2, 2012

**FOR APPELLANT**

Daniel Gurish
11806 Harbour Light Drive
North Royalton, OH 44133


**ATTORNEYS FOR APPELLEE**

Mike DeWine
Ohio Attorney General

BY:    Mahjabeen Qadir
          E. Linda Ubokudom
Assistant Attorneys General
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, OH 43215

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Daniel Gurish, appeals the trial court's judgment affirming the decision of the State Personnel Board of Review ("SPBR" or the "Board"), to uphold Gurish's involuntary disability separation from his employment with defendant-appellee, the Ohio Department of Developmental Disabilities ("DODD"). For the reasons that follow, we reverse the trial court's decision.

{¶2} On March 28, 2010, Gurish was placed on involuntarily disability separation from his employment with DODD, after it was determined at a pre-separation hearing that Gurish could not perform the essential duties of his position due to an injury he sustained at work in February 2009.

{¶3} Gurish appealed the DODD's decision to the Board. Following a hearing, the Administrative Law Judge ("ALJ") issued a Report and Recommendation, recommending that the Board affirm the DODD's involuntary disability separation of Gurish. In June 2011, the Board adopted the ALJ's Report and Recommendation and issued an order affirming Gurish's placement on involuntary disability separation.

{¶4} Gurish filed an administrative appeal in the Cuyahoga County Court of Common Pleas pursuant to R.C. 119.12 and 124.34, challenging the Board's decision affirming his involuntary disability separation. The matter was briefed by both parties

and the common pleas court issued a written decision affirming the Board's decision. Gurish now appeals the common pleas court's decision.

{¶5} Prior to reaching the merits of Gurish's appeal, we must determine whether we have jurisdiction to consider his appeal.

{¶6} Subject matter jurisdiction refers to the statutory and/or constitutional power to adjudicate a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. A jurisdictional defect cannot be waived and can be raised at any time, even for the first time on appeal, because jurisdiction is a condition precedent to the court's ability to hear the merits of a case. *Painesville v. Lake Cty. Budget Comm.*, 56 Ohio St.2d 282, 284, 383 N.E.2d 896 (1978); *Byard v. Byler*, 74 Ohio St.3d 294, 296, 658 N.E.2d 735 (1996). "Since subject-matter jurisdiction cannot be waived and may be raised by this court sua sponte, a party's failure to raise this argument on appeal does not foreclose this court's authority to review the issue." *State v. Lomax*, 96 Ohio St.3d 318, 2002-Ohio-4453, 774 N.E.2d 249, ¶ 17.

{¶7} R.C. 119.12 describes the procedures applicable to an appeal from specified orders following an adjudication by an administrative agency. R.C. 119.12 provides, in pertinent part:

> Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, * * * except that appeals under division (B) of section 124.34 of the Revised Code from a decision of the state personnel board of review * * * shall be taken to the court of common pleas of the county in which the appointing authority is located * * *.

{¶8} From the plain language of R.C. 119.12, the Franklin County Court of Common Pleas has exclusive jurisdiction to decide appeals from SPBR decisions, unless they fall within R.C. 124.34(B). This section of R.C. 124.34, provides, in pertinent part:

> In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission, and any such appeal shall be to the court of common pleas of the county in which the appointing authority is located, or to the court of common pleas of Franklin county, as provided by section 119.12 of the Revised Code.

{¶9} This court has held that the appeal mechanism contained within R.C. 124.34(B) applies only to appeals involving removals or reductions in pay for disciplinary reasons; thus jurisdiction rests with the court of common pleas in the county in which the appointing agency is located. *Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 178 Ohio App.3d 625, 2008-Ohio-5491, 899 N.E.2d 1017, ¶ 19 (8th Dist.). Whereas appeals of SPBR rulings in other cases remains with the Franklin County Court of Common Pleas. *Id.*, R.C. 119.12. *See also Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 10th Dist. No. 08AP-123, 2008-Ohio-5564, *Woodward v. Dept. of MR/DD*, 9th Dist. No. 02CA0070, 2003-Ohio-4903, *Hertzfeld v. Med. College of Ohio at Toledo*, 145 Ohio App.3d 616, 763 N.E.2d 1212 (10th Dist.2001).

{¶10} In *Gottfried v. Dept. of Rehab. & Corr.*, 3d Dist. No. 3-04-33, 2005-Ohio-1783, ¶ 13-15, the court addressed an appeal similar to the one before this court. The Third District held that pursuant to R.C. 119.12, the Franklin County Court of Common Pleas had exclusive jurisdiction over the employee's appeal of the SPBR decision placing the employee on involuntary disability separation, where the placement

was based on a medical determination that the employee was unable to perform his duties, rather than for disciplinary reasons.

{¶11} Much like in *Gottfried*, Gurish's appeal in this case does not involve a reduction in pay or removal for disciplinary reasons; rather, it involves the Board's affirmance of the DODD's decision placing Gurish on involuntary disability separation for medical reasons. Therefore, pursuant to R.C. 119.12, the Franklin County Court of Common Pleas, not Cuyahoga County, has exclusive jurisdiction over Gurish's administrative appeal. Accordingly, we find that the trial court lacked jurisdiction to consider Gurish's appeal from the Board.

{¶12} Judgment reversed and case remanded to the trial court with instructions to vacate its order in this matter for lack of subject matter jurisdiction.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR