**[Cite as *Hennings v. State Personnel Bd. of Review*, 2022-Ohio-4252.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| LANA HENNINGS, | CASE NO. 2022-T-0013 |
| Appellant, | |
| - vs - | Administrative Appeal from the Court of Common Pleas |
| STATE PERSONNEL BOARD OF REVIEW, | Trial Court No. 2021 CV 00437 |
| TRUMBULL COUNTY MENTAL HEALTH AND RECOVERY BOARD, | |
| Appellee. | |

# **O P I N I O N**

Decided: November 28, 2022
Judgment: Reversed and remanded

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, OH 44483 (For Appellant).

*Michael D. Rossi*, Guarnieri and Secrest, 151 East Market Street, P.O. Box 4270, Warren, OH 44482, and *Christina L. Shaynak-Diaz*, 3488 Woodland Drive, Hilliard, OH 43026 (For Appellee).

MATT LYNCH, J.

{¶1}    Plaintiff-appellant, Lana Hennings, appeals from the judgment of the Trumbull County Court of Common Pleas, affirming the decision of the State Personnel Board of Review (SPBR) dismissing the appeals relating to the abolishment of her position as Program Coordinator as untimely filed.  For the following reasons, we reverse

the decision of the lower court and remand for further proceedings consistent with this opinion.

{¶2} Hennings was employed as a Program Coordinator for the Trumbull County Mental Health and Recovery Board (TCMHRB). On May 19, 2020, the Board held a meeting at which budget cuts and cost reductions were discussed and it was recommended that it eliminate the position of Program Coordinator. The Board voted to approve administrative cost reductions. A letter was sent to the Trumbull County Department of Human Resources on May 21, 2020, which stated that, "for reasons of economy" and due to "reorganization for efficient operation," the position of Program Coordinator was "abolished." A notice of this action was sent to Hennings on that date.

{¶3} On November 5, 2020, Hennings filed a Notice of Appeal with the SPBR, stating that the appeal was from a notice received on October 27, 2020. No copy of a decision from that date is included in the record but Hennings argued in subsequent filings that the Board denied her "formal request for reinstatement" and that October 27 was the date it "articulated its disinclination to reinstate Hennings."

{¶4} TCMHRB filed a motion to dismiss on the grounds that the appeal was not timely filed since Hennings had been aware of her position's termination in May 2020. In response, Hennings argued that the refusal to reinstate her provided a separate ground for appeal.

{¶5} On February 26, 2021, the administrative law judge issued a Report and Recommendation. The judge found that Hennings' position had been abolished in May 2020 and a timely appeal should have been filed from that action rather than the October 27 denial of Hennings' request for reinstatement since there is no provision for an

2

employee to "independently request reinstatement from a layoff." On April 13, 2021, the SPBR issued an order in which it adopted the recommendation of the judge and ordered that the appeals be dismissed for lack of jurisdiction.

{¶6} Hennings filed an appeal from the decision of the SPBR in the Trumbull County Court of Common Pleas. On February 2, 2022, the court issued a Judgment Entry affirming the decision of the SPBR since the appeal was untimely.

{¶7} On appeal, Hennings raises the following assignment of error:

{¶8} "The Trial Court Erred in Ruling That the Continuing Violation Rule did not Apply."

{¶9} Although not raised by the parties, there is a jurisdictional concern. A reviewing court may "consider a challenge to the court's subject-matter jurisdiction for the first time on appeal, * * * either at the parties' suggestion or sua sponte." *Lycan v. Cleveland*, 146 Ohio St.3d 29, 2016-Ohio-422, 51 N.E.3d 593, ¶ 27; *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 10 ("[s]ubject-matter jurisdiction cannot be waived and is properly raised" sua sponte on appeal) (citation omitted). "[A]n appellate court may *sua sponte* consider whether the trial court possessed the power to entertain an action, even where the litigants themselves fail to raise the issue." *Burns v. Daily*, 114 Ohio App.3d 693, 701, 683 N.E.2d 1164 (11th Dist.1996).

{¶10} Hennings' notice of appeal in the Trumbull County Court of Common Pleas was filed "pursuant to" R.C. 119.12 and R.C. 2506.01. A review of these statutes demonstrates that neither provided jurisdiction to appeal to that court. Following this court's request for supplemental briefing, TCMHRB agreed that this matter was not properly filed in the Trumbull County Court of Common Pleas.

3

{¶11} R.C. 2506.01(A) provides "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." "[T]he term 'political subdivision' does not include the state of Ohio or its agencies; therefore, R.C. 2506.01 could not provide for appeals" from such agencies. *S. Community, Inc. v. State Emp. Relations. Bd.,* 38 Ohio St.3d 224, 227, 527 N.E.2d 864 (1988); *Gerst v. Ohio Dept. of Transp.* 10th Dist. Franklin No. 21AP-65, 2022-Ohio-86, ¶ 8 (applying R.C. 119.12 rather than R.C. 2506.01 to an appeal from a SPBR decision since it is "not a 'geographic or territorial division of the state'") (citations omitted).

{¶12} Hennings also appealed pursuant to R.C. 119.12. R.C. 119.12(B) provides: "Any party adversely affected by any order of an agency issued pursuant to any other adjudication [apart from admission to examination and licensure under section (A)] may appeal to the court of common pleas of Franklin county, except that appeals * * * under division (B) of section 124.34 of the Revised Code from a decision of the state personnel board of review * * * shall be taken to the court of common pleas of the county in which the appointing authority is located * * *." R.C. 124.34(B) states: "In cases of removal or reduction in pay for disciplinary reasons, * * * the * * * employee may appeal from the decision of the state personnel board of review or the commission, and any such appeal shall be to the court of common pleas of the county in which the appointing authority is located, or to the court of common pleas of Franklin county, as provided by section 119.12 of the Revised Code."

{¶13} Appellate courts have found that since R.C. 124.34(B) applies only to

4

terminations for disciplinary reasons, other types of appeals including layoff for nondisciplinary reasons, are governed by R.C. 119.12 and must be filed in the Franklin County Court of Common Pleas. In *Yachanin v. Cleveland Civ. Serv. Comm.*, 8th Dist. Cuyahoga No. 99802, 2013-Ohio-4485, the court observed that "R.C. 124.34(B) governs the reduction, suspension, removal, and demotion of civil service employees for disciplinary reasons" and "[b]ecause [appellant's] complaint relates to a lay off for non-disciplinary reasons, [he] had no right to appeal his layoff to the Cuyahoga County Common Pleas Court and could only appeal the civil service commission's order to the Franklin County Common Pleas Court under R.C. 119.12." *Id.* at ¶ 8.

{¶14} Similarly, in *Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 178 Ohio App.3d 625, 2008-Ohio-5491, 899 N.E.2d 1017 (8th Dist.), where employees challenged changes to their salary schedule as a "reduction in pay," the court held that since the SPBR decision did not concern "a reduction or removal for disciplinary reasons, the Cuyahoga County Court of Common Pleas lacks subject-matter jurisdiction over the appeal." *Id.* at ¶ 20. The Tenth District also held: "[W]e conclude, as the Eighth District concluded, that, because this appeal does not relate to a removal or reduction in pay for disciplinary reasons, R.C. 124.34(B) does not apply, and the Franklin County Court of Common Pleas had exclusive jurisdiction to hear the appeal pursuant to R.C. 119.12." *Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 10th Dist. Franklin No. 08AP-123, 2008-Ohio-5564, ¶ 11. *See also Gottfried v. Dept. of Rehab. and Corrections*, 3d Dist. Crawford No. 3-04-33, 2005-Ohio-1783, ¶ 15 (Franklin County had exclusive jurisdiction where the employee's removal was "not a disciplinary removal").

{¶15} Here, the record demonstrates that Hennings was laid off due to the

abolishment of her position for "reasons of economy." The record and briefing are devoid of arguments in support of a conclusion that she was terminated for disciplinary reasons. The crux of her argument on appeal has been that issues with timeliness do not apply because she is appealing from the violation of recall rights afforded to laid off or displaced employees rather than those terminated for disciplinary reasons.

{¶16} In her supplemental brief, which was untimely filed, Hennings does not dispute that the administrative appeal should have been filed in Franklin County. She argues, however, that this is not an issue of subject matter jurisdiction but involves "jurisdiction over a particular case," rendering the judgment voidable and precluding resolution sua sponte on appeal. "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases" while a court's jurisdiction over a particular case refers to the authority to "proceed or rule on a case that is within the court's subject-matter jurisdiction." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. Hennings cites to no authority applying this proposition to appeals similar to the present one. Rather, the concept of jurisdiction over a case has been applied in circumstances where the court had subject matter jurisdiction but there was a procedural defect such as a lack of standing or errors in the underlying order. *Kuchta* at ¶ 23; *Karvo Cos., Inc. v. Ohio Dept. of Transp.*, 2019-Ohio-4556, 135 N.E.3d 837, ¶ 32 (9th Dist.). By contrast, here, there was a lack of subject matter jurisdiction. "The right to appeal an administrative decision is neither inherent, nor inalienable; to the contrary, it must be conferred by statute. * * * [J]urisdiction over an administrative appeal is improper 'unless granted by R.C. 119.12 or other specific statutory authority.'" (Citation omitted.) *Hamer v. Danbury Twp. Bd. of Zoning Appeals*, 2020-Ohio-3209, 155 N.E.3d

6

218, ¶ 10 (6th Dist.). No authority was granted for the Trumbull County Court of Common Pleas to hear an administrative appeal in this instance, for the reasons outlined above.

{¶17} Courts addressing the same issue as is present here have found a lack of subject matter jurisdiction resulted from filing in the incorrect court. *Daroczy*, 2008-Ohio-5491, at ¶ 20; *Gottfried*, 2005-Ohio-1783, at ¶ 15. Further, it has been found that whether an administrative appeal has been filed in the incorrect court is properly raised sua sponte since it implicates subject-matter jurisdiction. *Gurish v. Dept. of Dev. Disabilities*, 8th Dist. Cuyahoga No. 97645, 2012-Ohio-3457, ¶ 6; *Hamer* at ¶ 12, fn. 1.

{¶18} As to the proper remedy for this error, we determine that it is to remand for dismissal of the action. The error in filing the administrative appeal in the improper court cannot be remedied through transfer to the Franklin County Court of Common Pleas. *See Bogan v. Mahoning Cty. Children Servs.*, 7th Dist. Mahoning No. 21 MA 0002, 2021-Ohio-4665, ¶ 13-14 (an administrative appeal filed in the wrong county could not be subject to a motion to change venue and must be dismissed). The Trumbull County Court of Common Pleas' judgment must be reversed and the case remanded with instructions for the lower court to vacate its order and issue a judgment dismissing the appeal for lack of subject matter jurisdiction. *Gurish* at ¶ 12; *Hulbert v. Buehrer*, 10th Dist. Franklin No. 16AP-474, 2017-Ohio-844, ¶ 12 and 17 ("Where a court lacks subject-matter jurisdiction, it must announce its lack of jurisdiction and dismiss the matter; any other proclamation by a court lacking subject-matter jurisdiction is void.").

{¶19} The sole assignment of error is moot due to the lower court's lack of jurisdiction.

{¶20} For the foregoing reasons, the judgment of the Trumbull County Court of

7

Common Pleas affirming the decision of the SPBR, is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2022-T-0013