DECISION AND JUDGMENT ENTRY
{¶ 1} Maria M. appeals the decision of the Wood County Court of Common Pleas, Juvenile Division, which continued the temporary custody of her daughter, Destiny M., and herself with a foster family in Liberty Center, Ohio. We find the juvenile court did not abuse its discretion with respect to Destiny when it found that the continued placement was in her best interest. Because Maria has reached 18, however, and the juvenile court has no jurisdiction over her, her appeal is moot.
 Background {¶ 2} Maria M. was born July 2, 1986. She was adjudicated as dependent on February 20, 2001, and the Wood County Department of Job and Family Services ("WCDJFS") was awarded temporary custody on September 5, 2001. Temporary custody of her daughter Destiny, born March 8, 2001, was awarded to WCDJFS on January 14, 2002.
 {¶ 3} The record reflects that Maria and Destiny were placed initially with a foster family in Upper Sandusky, Ohio. Although Maria had a good relationship with her foster mother, there were concerns over that placement. Maria had continued contact with the police and the juvenile court and violated court orders. She had become pregnant a second time. Her parenting skills were called into question when in July 2003, Maria and the foster mother allowed Destiny to wander away from the house. The toddler was eventually found a couple of houses away and brought to the local police station.
 {¶ 4} As a result of these concerns, WCDJFS transferred Maria and Destiny to a different foster home in Liberty Center. Although it is undisputed that Maria preferred the more lenient atmosphere in Upper Sandusky, the second placement has been successful. A "Motion to Extend Planned Permanent Living Arrangement" was filed for both Maria and Destiny. Neither party objected to the juvenile court's approval of the order granting the motion on November 5, 2003, but two days later, Maria filed a Motion for Evidentiary Hearing on Placement. The juvenile court held a hearing on that motion under R.C. 2151.417 and decided to continue the current temporary custody arrangement, which it determined to be in the best interests of the children.
 {¶ 5} Maria appealed the December 2, 2003 judgment and raises a sole assignment of error: "The juvenile court erred in determining it was not in the best interest of the juvenile to return to her prior foster placement [in Upper Sandusky]."
 II. Mootness as to Maria {¶ 6} The United States Supreme Court has held on the question of mootness that: "[t]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." Mills v. Green (1895), 159 U.S. 651, 653.
 {¶ 7} Similarly, the Ohio Supreme Court noted, "[i]t is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error."Miner v. Witt (1910), 82 Ohio St. 237, at the syllabus.
 {¶ 8} The jurisdiction of the juvenile court over abused, neglected and dependent children is controlled by R.C.2151.353(E)(1). That section states that the juvenile court "shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to section 2151.414 [2151.41.4] or 2151.415
[2151.41.5] of the Revised Code until the child attains the ageof eighteen years if the child is not mentally retarded, developmentally disabled, or physically impaired, the child attains the age of twenty-one years if the child is mentally retarded, developmentally disabled, or physically impaired, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition * * * for a specified period of time to enable the child to graduate from high school or vocational school. The court shall make an entry continuing its jurisdiction under this division in the journal." Id. (Emphasis added.)
 {¶ 9} This section is read very narrowly by appellate courts. Jurisdiction of the juvenile court ceases to exist over a child who has turned 18, unless very limited exceptions apply. In reAment (2001), 142 Ohio App.3d 302, 308; In re Reynolds (Feb. 28, 2001), Summit App. No. 20284; In the Matter of Lewis (Apr. 30, 1997), Athens App. Nos. 96CA1760, 96CA1763; In re Hitchcock
(1996), 120 Ohio App.3d 88, 98. Accord, In re Young Children
(1996), 76 Ohio St.3d 632, 637; In re Lawrence, Butler App. No. CA2001-06-148, 2001-Ohio-8709.
 {¶ 10} Maria has reached the age of 18 while this appeal has been pending. The juvenile court, therefore, has lost jurisdiction over Maria under R.C. 2151.353(E)(1), and we are barred from commenting on her appeal since it has been rendered moot because the record does not indicate that any of the limited exceptions apply in this case. The appeal as it relates to Maria is hereby dismissed. Destiny's appeal, however, is still justiciable.
 III. Discretion for Juvenile Court {¶ 11} R.C. 2151.417(A)[1] and Juv.R. 36(A)[2]
give the juvenile court the power to review a dispositional order from an abuse, dependency, or neglect case at any time and authorizes it to take actions that are in the best interest of the child. This power is broad. In re Moorehead (1991),75 Ohio App.3d 711, 716. The determination of the juvenile court, as it relates to the review of a previous disposition, is reviewed under an abuse of discretion standard. In re Franklin (1993),88 Ohio App.3d 277, 279.
 {¶ 12} A trial court's decision concerning the best interests of a child is subject to reversal upon a showing of an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71, 74, citing Dailey v. Dailey (1945), 146 Ohio St. 93; Trickey v.Trickey (1952), 158 Ohio St. 9, 13-14. An "abuse of discretion" is defined as more than an error of law or judgment. It is an unreasonable, arbitrary or unconscionable attitude of a court.State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, the reviewing court should be guided by the presumption that the findings of the trial court are correct.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. See generally, In re Moorehead (1991), 75 Ohio App.3d 711, 721.
 {¶ 13} Here, the juvenile court stated in its December 3, 2003 judgment entry, "the sole purpose of the November 18, 2003 hearing was to determine if any current action is needed to protect the best interest of Maria or Destiny or to determine if any current action should be discontinued to protect the best interest of Maria or Destiny." With this acknowledged purpose in mind, the judge decided to retain the placement for Destiny and Maria.
 {¶ 14} After reviewing the record, it is clear that the juvenile court did not abuse its discretion. The record also supports the trial court's decision that Destiny's current foster placement is in her best interest, particularly considering the toddler's safety.
 {¶ 15} The sole assignment of error is found not well-taken and is denied on behalf of Destiny; the appeal of Maria is moot. The judgment of the Wood County Court of Common Pleas, Juvenile Division is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., concur.
[1] {¶ a} R.C. 2151.417(A) states:
{¶ b} "Any court that issues a dispositional order * * * may review at any time the child's placement or custody arrangement, the case plan prepared for the child * * *, the actions of the public children services agency or private child placing agency in implementing that case plan, the child's permanency plan, if the child's permanency plan has been approved and any other aspects of the child's placement or custody arrangement. In conducting the review, the court shall determine the appropriateness of any agency actions, the safety and appropriateness of continuing the child's placement or custody arrangement, and whether any changes should be made with respect to the child's permanency plan or placement or custody arrangement or with respect to the actions of the agency under the child's placement or custody arrangement. Based upon the evidence presented at a hearing held after notice to all parties and the guardian ad litem of the child, the court may require the agency, the parents, guardian, or custodian of the child, and the physical custodians of the child to take any reasonable action that the court determines is necessary and in the best interest of the child or to discontinue any action that it determines is not in the best interest of the child."
[2] {¶ a} Juv.R. 36 states in pertinent part:
{¶ b} "A court that issues a dispositional order in an abuse, neglect, or dependency case may review the child's placement or custody arrangement, the case plan, and the actions of the public or private agency implementing that plan at any time."