[Cite as *In re A.B.*, 2017-Ohio-4344.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

IN RE: A.B.
     C.B.

C.A. No.     16CA010927


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    15 JC 45172
                15 JC 45173

DECISION AND JOURNAL ENTRY

Dated: June 19, 2017

CARR, Judge.

{¶1} Appellant T.H. ("Mother") appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division, which denied her request to file untimely objections instanter in the absence of any showing of excusable neglect, and which further "denied" her objections to the magistrate's decision for noncompliance with the timeliness requirements of Juv.R. 40. This Court dismisses the entire appeal as moot.

I.

Procedural history

{¶2} Mother is the biological mother of A.B. and C.B. The biological father ("Father"), whose initials are also C.B., is not a party to this appeal. The parents were not married or living together at any time during the course of these proceedings.

{¶3} In early April 2015, Lorain County Children Services ("LCCS") filed a complaint alleging that A.B. and C.B. were dependent and neglected children. After continuing the matter

once, the magistrate held an adjudicatory hearing in mid-June, followed by a dispositional hearing five days later.

{¶4}  On June 19, 2015, the magistrate issued a decision from the adjudicatory hearing, adjudicating the children dependent and neglected.  The magistrate's decision failed to contain the requisite, conspicuous notice pursuant to Juv.R. 40(D), notifying the parties that they must file written objections to findings of fact and/or conclusions of law within fourteen days, or be precluded from raising such issues on appeal.  *See* Juv.R.  40(D)(3)(a)(iii) and (b)(i).  The juvenile judge issued a judgment entry the same day, adopting the magistrate's decision, and adjudicating the children dependent and neglected.  The judgment entry, however, contained a disclaimer indicating that it merely constituted an interim order, valid for 28 days, plus additional 28-day incremental extensions "for good cause shown."

{¶5}  On June 29, 2015, the magistrate issued a decision from the dispositional hearing, ordering that both children be placed in the legal custody of Father under an order of protective supervision to LCCS.  Mother was awarded visitation.  This decision, too, failed to contain the requisite, conspicuous Juv.R. 40(D) notice regarding objections.  The juvenile judge issued a judgment entry[1] the same day, adopting the magistrate's decision, and granting legal custody to Father with an order of protective supervision, and ordering that Mother shall have parenting time as set forth in the magistrate's decision.  This judgment, too, contained the same disclaimer indicating that it merely constituted a 28-day interim order, subject to extension "for good cause shown."

---

[1] The juvenile court mistakenly captioned this document as "Judgment Entry Adopting Magistrate's Adjudication Decision[.]"  As further discussed below, it later purported to amend its June 29, 2015 judgment entry to modify the caption to read "Judgment Entry Adopting Magistrate's Dispositional Decision."

**{¶6}** The clerk's docket of events indicates that both adjudicatory entries and both dispositional entries were served on the parties.

**{¶7}** On July 20, 2015, Mother filed a motion for leave to file objections instanter. She appended her proposed objections to the motion. Substantively, Mother's objections challenged only the dispositional orders. She argued that an award of legal custody to Father was against the manifest weight of the evidence and was not in the best interest of the children. She also objected to the visitation order as being unreasonable. Mother requested the opportunity to supplement her objections after the transcript of the hearing had been filed. LCCS filed a motion to dismiss Mother's objections as untimely.

**{¶8}** Before the juvenile court had an opportunity to consider the two pending motions, Mother filed her first appeal to this Court. She asserted that she was appealing the June 29, 2015 judgment entry, i.e., the dispositional order. After issuing a show cause order and reviewing any responses, this Court dismissed Mother's first appeal by journal entry for lack of a final, appealable order, because the juvenile court had failed to independently issue an adjudication concerning the children. *In re A.B., C.B.*, 9th Dist. Lorain No. 15CA010824 (Sept. 18, 2015).

**{¶9}** Immediately thereafter, LCCS filed a motion to terminate protective supervision. Two days later, on September 24, 2015, the juvenile court issued an order indicating that it would grant the agency's motion without a hearing unless any party filed written objections within seven days. Within the same minute, the judge filed a journal entry noting that seven days had elapsed since the agency had filed its motion to terminate protective supervision and that no party had filed written objections. The juvenile court granted the agency's motion, terminated protective supervision, and cancelled all further hearings. The practical effect of this order is unclear. Given that the juvenile court's interim dispositional order awarding legal

custody to Father under an order of protective supervision had expired as of July 27, 2015, and the record contains no extension of that order, the agency no longer possessed an award of protective supervision which might be terminated within this procedural context.

{¶10} On October 1, 2015, the magistrate issued an order, vacating the judge's September 24, 2015 journal entry which terminated protective supervision upon finding that it had been "submitted in error[.]"[2] Further complicating the matter, on the same day, the magistrate issued another order (not a decision), mirroring the judge's September 24, 2015 order, terminating protective supervision and cancelling all future hearings.

{¶11} On October 19, 2015, the juvenile judge issued a journal entry which stated in its entirety: "Pursuant to Civil Rule 60 the Judgment Entry docketed June 29, 2015 at 9:03 A.M. is hereby amended to reflect that the title shall read Judgment Entry Adopting Magistrate's Dispositional Decision." The trial court stapled its June 29, 2015 order to the journal entry. As noted above, the June 29, 2015 judgment entry adopting the magistrate's decision regarding disposition contained a scrivener's error in the caption referencing adoption of the adjudicatory decision.

{¶12} On November 19, 2015, Mother filed her second appeal to this Court. She asserted that she was appealing the October 19, 2015 journal entry amending the June 29, 2015 judgment entry, i.e., a second attempt to appeal the dispositional order. In the absence of the record before us, this Court issued a show cause order out of concern that the juvenile court had still not independently issued an adjudication concerning the children. Accordingly, we questioned whether we had jurisdiction to consider the appeal. Based on the appellee's assertion that the juvenile court had not issued an independent judgment adjudicating the children, coupled

---

[2] Clearly a magistrate does not have the authority to vacate a judge's order.

with Mother's concession that finality was an issue, this Court dismissed Mother's second appeal by journal entry for lack of a final, appealable order. *In re A.B., C.B.*, 9th Dist. Lorain No. 15CA010884 (Feb. 4, 2016).

{¶13} On February 4, 2016, the juvenile court issued a judgment entry adopting the magistrate's June 19, 2015 decision, and independently adjudicated the children dependent and neglected. This order did not contain the earlier disclaimer that it was merely an interim order. The judge's judgment entry did contain the Juv.R. 40 notice regarding the 14-day time limit within which any party must file objections to the magistrate's findings of fact or conclusions of law or be precluded from raising such issues on appeal. Such a notice, however, must be conspicuously placed on the magistrate's decision pursuant to Juv.R. 40(D)(3)(a)(iii), rather than on the judge's adoption of the magistrate's decision, in order to comply with the rules and accord the proper notice to the parties.

{¶14} Also on February 4, 2016, the juvenile court issued a judgment entry, adopting the magistrate's June 29, 2015 dispositional decision,[3] and independently granting an award of legal custody to Father with an order of protective supervision to LCCS. Accordingly, on February 4, 2016, the juvenile court issued its first final, appealable order, when it both adjudicated the children and issued an initial disposition. *In re Z.R.*, 9th Dist. Summit No. 26860, 2016-Ohio-1331, ¶ 13, citing *In re Murray*, 52 Ohio St.3d 155 (1990), syllabus (holding that, until final disposition has been ordered, the parties to a dependency, neglect, abuse case have only one prior opportunity to appeal, occurring after the juvenile court has adjudicated the child and issued an initial disposition).

---

[3] The juvenile court erroneously noted that this magistrate's decision was dated June 26, 2015.

{¶15} Also on February 4, 2016, the juvenile court issued a journal entry, noting that Mother had filed objections to the magistrate's June 29, 2015 dispositional decision on July 20, 2015. The juvenile court (1) denied Mother's request for leave to file her objections instanter, and (2) "denied" Mother's objections as noncompliant with Juv.R. 40 timeliness requirements. In the absence of leave to file her objections, however, Mother had no objections upon which the juvenile court could rule.

{¶16} The next day, LCCS moved to terminate protective supervision. The juvenile court issued a journal entry informing the parties that it would grant the motion if no party objected within seven days. On February 12, 2016, the juvenile court issued a journal entry terminating protective supervision and cancelling all future hearings. Mother has not appealed from this judgment.

{¶17} Mother filed a timely appeal from the February 4, 2016 journal entry denying her request for leave to file objections instanter to the magistrate's dispositional decision. She raises one assignment of error for review. Despite the tortured procedural posture and multiple missteps effectuated by both the lower court and the parties, this Court lacks the authority to address the substance of Mother's assignment of error, as the issue raised therein is now moot.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING MOTHER'S REQUEST FOR LEAVE TO FILE OBJECTIONS INSTANTER[.]

{¶18} Mother argues that the juvenile court abused its discretion by denying her request for leave to file her objections instanter. This Court dismisses the appeal, as the issues raised herein have been rendered moot.

**{¶19}** The effect of mootness is well settled:

> "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence."

*Miner v. Witt*, 82 Ohio St. 237, 238-239 (1910), quoting *Mills v. Green*, 159 U.S. 651, 653 (1895).

Mootness based on a child's age

**{¶20}** Based on a review of the record, this Court notes that one of the subject children, A.B., has attained the age of majority during the pendency of this appeal, thereby rendering the appeal moot as to her.

**{¶21}** The juvenile court's jurisdiction to address matters involving dependent, neglected, and abused children is governed by R.C. 2151.353(F)(1), which provides, in relevant part:

> The [juvenile] court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to [R.C. 2151.353(A), R.C. 2151.414, or R.C. 2151.415] until the child attains the age of eighteen years if the child does not have a developmental disability or physical impairment, the child attains the age of twenty-one years if the child has a developmental disability or physical impairment, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition * * * for a specified period of time to enable the child to graduate from high school or vocational school.

Accordingly, in the absence of the applicability of very limited exceptions, the juvenile court loses jurisdiction of a child previously adjudicated dependent, neglected, or abused once the

child reaches 18 years old. *In re M.*, 6th Dist. Wood No. WD-03-092, 2004-Ohio-3798, ¶ 9; *see also In re Reynolds*, 9th Dist. Summit No. 20284, 2001 WL 196567, *4 (Feb. 28, 2001).

{¶22} A.B. turned 18 years old on October 19, 2016. The record does not indicate that any of the limited exceptions to the termination of jurisdiction are applicable to her. Accordingly, as the juvenile court has lost jurisdiction over A.B., no decision by this Court could grant any effectual relief regarding her. Accordingly, all issues pertaining to A.B. in this case have been rendered moot.

Mootness based on unchallenged resolution of the complaint

{¶23} Although the juvenile court has not lost jurisdiction over C.B. (d.o.b. 9/2/06) due to his age, this Court nevertheless concludes that there remain no justiciable issues as to that child either. When the juvenile court issued its February 12, 2016 order terminating protective supervision, it resolved all issues arising out of the agency's complaint and rendered a final disposition. C.B. at that time was squarely in the legal custody of Father. Mother has not appealed that final disposition. Because our decision regarding the propriety of the juvenile court's order denying Mother leave to file objections to the magistrate's decision regarding the initial dispositional orders would have no effect on the final disposition from which Mother has not appealed, this Court is unfortunately compelled to dismiss Mother's appeal as moot.

III.

{¶24} Given the attainment of the age of majority by A.B., and the unchallenged judgment ordering a final disposition for C.B., Mother's sole assignment of error has been rendered moot.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ROBERT CABRERA, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and EMILY W. KIRSCH, Assistant Prosecuting Attorney, for Appellee.