[Cite as *In re K.M.N.*, 2021-Ohio-2947.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| IN RE: K.M.N. | : | Appellate Case No. 28725 |
|  | : |  |
|  | : | Trial Court Case No. 2019-5083 |
|  | : |  |
|  | : | (Juvenile Appeal from |
|  | : | Common Pleas Court) |
|  | : |  |
|  | : |  |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of August, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Appellee Montgomery County Children Services

FRANK M. BATZ, Atty. Reg. No. 0093817, 126 North Philadelphia Street, Dayton, Ohio 45403
    Attorney for Appellant Mother

. . . . . . . . . . . .

HALL, J.

{¶ 1} Mother appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which granted custody of her son, K.M.N.,[1] to his father and ordered Mother to have no contact with him.

{¶ 2} On October 29, 2019, Montgomery County Children Services (MCCS) filed a dependency complaint regarding K.M.N. The trial court appointed counsel for Mother. In January 2020, Mother filed a pro se motion to dismiss the complaint. After a hearing, a magistrate entered an interim order adjudicating K.M.N. a dependent child and overruling Mother's motion to dismiss. Mother filed pro se objections to the magistrate's interim order, and on January 24, 2020, the trial court entered an order overruling her objections and adopting the magistrate's order. On January 27, the magistrate's (amended) decision and a court order adopting the magistrate's decision were entered, which granted legal custody of K.M.N. to his father and ordered Mother to have no contact with her son. Mother filed objections to the decision and order and filed a pro se appeal of the January 24 order.

{¶ 3} On August 12, 2020, we stayed appellate proceedings and remanded the case for the juvenile court to resolve Mother's objections to the January 27 decision and order. On April 1, 2021, the juvenile court entered a final order overruling all of Mother's objections.

{¶ 4} Mother's appeal is now before us. She alleges that the juvenile court erred by finding that K.M.N. was a dependent child, by admitting certain testimony at a hearing,

---

[1] We use the child's initials to protect his privacy.

by denying her legal custody, and by entering the no-contact order. We do not consider any of these allegations, though, because while Mother's appeal was pending, the juvenile court lost jurisdiction over K.M.N., rendering her appeal moot.

{¶ 5} The juvenile court's jurisdiction to address matters involving a dependent child is governed by R.C. 2151.353(F)(1), which pertinently provides:

> The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to [R.C. 2151.353(A), R.C. 2151.414, or R.C. 2151.415] until the child attains the age of eighteen years if the child does not have a developmental disability or physical impairment, the child attains the age of twenty-one years if the child has a developmental disability or physical impairment, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition * * * for a specified period of time to enable the child to graduate from high school or vocational school. The court shall make an entry continuing its jurisdiction under this division in the journal.

The foregoing section means that, "in the absence of the applicability of very limited exceptions, the juvenile court loses jurisdiction of a child previously adjudicated dependent, neglected, or abused once the child reaches 18 years old." *In re A.B.*, 9th Dist. Lorain No. 16CA010927, 2017-Ohio-4344, ¶ 21, citing *In re M.*, 6th Dist. Wood No. WD-03-092, 2004-Ohio-3798, ¶ 9. "This section is read very narrowly by appellate courts. Jurisdiction of the juvenile court ceases to exist over a child who has turned 18, unless very limited exceptions apply." *In re M.* at ¶ 9.

**{¶ 6}** The juvenile court's jurisdiction over K.M.N. has ceased. According to the record, K.M.N. turned 18 years of age on December 27, 2020. The record contains no juvenile court order continuing jurisdiction over K.M.N. until he turns 21, and we see no finding by the juvenile court that K.M.N. is developmentally disabled or physically impaired.

**{¶ 7}** The juvenile court's loss of jurisdiction means that we cannot grant any effectual relief regarding K.M.N., rendering moot the issues raised by Mother in this appeal. *See In re A.B.* at ¶ 22 (concluding that all issues pertaining to the juvenile had been rendered moot because "as the juvenile court has lost jurisdiction over A.B., no decision by this Court could grant any effectual relief regarding her"). Because all the issues are moot, this appeal may not proceed. *See Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37 ( "[u]nder the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties").

**{¶ 8}** This case is dismissed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Frank M. Batz
Robert Alan Brenner
Sara Barry, GAL
Hon. Anthony Capizzi