[Cite as *In re N.A.*, 2025-Ohio-5782.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

IN RE:

    N.A.,

ADJUDICATED DEPENDENT
CHILD.

[HENRY COUNTY DEPARTMENT
OF
JOB AND FAMILY SERVICES -
APPELLANT]

CASE NO. 7-25-07

OPINION AND
JUDGMENT ENTRY

Appeal from Henry County Common Pleas Court
Juvenile Division
Trial Court No. 20213005

**Appeal Dismissed, and Cause Remanded for Dismissal of Action**

**Date of Decision: December 29, 2025**

APPEARANCES:

    *Katie Nelson* for Appellant

    *Michael Aird* for Appellee

**WALDICK, P.J.**

{**¶1**} Plaintiff-appellant, Henry County Department of Job and Family Services ("JFS"), brings this appeal from the April 22, 2025, judgment of the Henry County Common Pleas Court, Juvenile Division, denying JFS's motion for permanent custody of N.A. For the reasons that follow, we dismiss the appeal.

*Background*

{**¶2**} N.A. was born in November of 2007. He is now 18 years old. His mother is Regina R. and his father, who was never involved in this case, is Samuel S.

{**¶3**} On March 24, 2021, JFS filed a complaint that alleged N.A. was a neglected child. The complaint was subsequently amended, alleging that N.A. was a dependent child as defined in R.C. 2151.04(A). Regina ultimately admitted that N.A. was a dependent child and JFS was granted temporary custody of N.A.

{**¶4**} On December 29, 2022, JFS filed a motion for permanent custody of N.A. Hearings on JFS's motion for permanent custody were held in the trial court on July 6, July 7, July 31, and August 4, 2023. On September 5, 2023, the trial court reconvened for the fifth day of the final hearing. However, despite having the parties present and having more days scheduled for the final hearing, the trial court indicated at that time that it was going to dismiss JFS's permanent custody motion

because it was "grossly overdue" according to the statutory guidelines in R.C. 2151.414(A)(2).

{¶5} On September 22, 2023, the trial court filed a written judgment entry dismissing the initial case. Although JFS could have filed a new case related to N.A., JFS exercised its right to appeal the trial court's decision to this Court. Because JFS's original case had been dismissed, N.A. was returned to the care and custody of Regina while the appeal was pending.

{¶6} On August 5, 2024, we reversed the trial court's decision to dismiss the permanent custody case and remanded the matter to the trial court for further proceedings. *In re N.A.*, 2024-Ohio-2961 (3d Dist.). When jurisdiction was returned to the trial court, the trial court scheduled a status conference and scheduled an *in camera* interview with N.A. Meanwhile, JFS requested either temporary custody of N.A., or protective supervision. Following the *in camera* interview with N.A., the trial court granted JFS protective supervision of N.A.

{¶7} The permanent custody hearing then continued on February 4, 2025. At the hearing, testimony indicated that N.A. had been in Regina's care and custody since the dismissal of the case in September of 2023. By all accounts N.A. was doing well in Regina's care and there were no major issues. Regina's residence was appropriate and she had a vehicle with a valid driver's license. N.A. had his needs met in Regina's home.

{¶8} Based on the evidence presented, the trial court determined that it was not in N.A.'s best interests for JFS to be awarded permanent custody. On April 22, 2025, the trial court filed a thorough judgment entry summarizing the case history and all of the testimony and denying JFS's motion for permanent custody. It is from this judgment that JFS appeals, asserting the following assignments of error for our review.

### First Assignment of Error

**The trial court's decision is against the manifest weight of the evidence as the Agency presented clear and convincing evidence that N.A. cannot and should not be returned to his parents within a reasonable time.**

### Second Assignment of Error

**The trial court's decision is against the manifest weight of the evidence as the Agency presented clear and convincing evidence that N.A. was in the Agency's temporary custody for over two years.**

### Third Assignment of Error

**The trial court's decision is against the manifest weight of the evidence as the Agency presented clear and convincing evidence that a grant of permanent custody was in N.A.'s best interest.**

{¶9} We will first address a jurisdictional issue, because the jurisdictional issue is dispositive in this case.

{¶10} N.A. turned 18 years old in November of 2025. The General Assembly created juvenile courts and gave them exclusive original jurisdiction over any child

who is alleged to be an abused, neglected, or dependent child in the complaint. R.C. 2151.23(A)(1). A "child" is defined as a person under eighteen years of age. R.C. 2151.011(B)(6). When a child at issue before the juvenile court turns 18 years of age, the juvenile court loses subject-matter jurisdiction over a matter filed pursuant to R.C. 2151.23(A) absent a statutory exception. *Hernandez Caballero v. Hernandez Caballero, et al.*, 2023-Ohio-1006, ¶ 15 (1st Dist.).

> The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to section 2151.414 or 2151.415 of the Revised Code until the child attains the age of eighteen years if the child does not have a developmental disability or physical impairment, the child attains the age of twenty-one years if the child has a developmental disability or physical impairment, or the child is adopted and a final decree of adoption is issued, except that the court may retain jurisdiction over the child and continue any order of disposition under division (A) of this section or under section 2151.414 or 2151.415 of the Revised Code for a specified period of time to enable the child to graduate from high school or vocational school. The court shall make an entry continuing its jurisdiction under this division in the journal.

R.C. 2151.353(F)(1).

{¶11} Moreover, R.C. 2151.353(F)(1) is read narrowly by appellate courts. *In re K.M.N.*, 2021-Ohio-2947, ¶ 5 (2d Dist.); *In re Maria M.*, 2004-Ohio-3798, ¶ 9 (6th Dist.). The statute allows a juvenile court to retain jurisdiction over an abused, neglected, or dependent child beyond the child's 18th birthday to *continue* a prior order of disposition. The statute does not allow the juvenile court to retain jurisdiction over the child beyond the child's 18th birthday to issue new or

additional orders of disposition, such as permanent custody. *See In re B.T.*, 2025-Ohio-3019, ¶ 3 (12th Dist.).

**{¶12}** In this case, the record does not contain any indication that the trial court has continued its jurisdiction prior to N.A. turning 18 years of age. Furthermore, the trial court does not have jurisdiction to enter an award of permanent custody to JFS even if we agreed with JFS's arguments because it would constitute a new order of disposition.

**{¶13}** Based upon the record before this Court, the trial court now lacks subject matter jurisdiction over N.A.'s case. When an appeal is taken from a matter over which the trial court lacks subject matter jurisdiction, the proper remedy is to remand the matter for dismissal of the action. *Hennings v. State Personnel Board of Review*, 2022-Ohio-4252 (11th Dist.). For this reason, the appeal is dismissed and the matter is remanded to the trial court for dismissal of the action.

*Conclusion*

**{¶14}** Having determined that a jurisdictional issue is dispositive in this matter, the case is dismissed.

***Appeal Dismissed, and Cause Remanded for Dismissal of the Action***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

Case No. 7-25-07

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the instant appeal is dismissed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Juergen A. Waldick, Judge

_____
William R. Zimmerman, Judge

_____
John R. Willamowski, Judge

DATED:
/jlm